1    PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
2    ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
3    200 Lakeside Dr., Suite A
Oakland, CA 94612
4    Tel. 510/832-5001
Fax 510/832-4787
5
Attorneys for Plaintiff
6    SHAWNA WILKINS-JONES

E-filing

FILED

MAR 17 2008

RICHARD ...
CLERK U ...
NORTHERN D... ...
OAKLAND ... CALIFORNIA

7

8             IN THE UNITED STATES DISTRICT COURT
9      IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    SHAWNA WILKINS-JONES,     CASE NO. **C08-01 4**

12           Plaintiff,       <u>Civil Rights</u>    **C08-01 4**

13                    **COMPLAINT FOR DAMAGES AND**
**INJUNCTIVE RELIEF: DENIAL OF**
14    v.                     **DISABLED ACCESS TO PUBLIC**
**FACILITIES; VIOLATION OF TITLE II OF**
15                    **THE AMERICANS WITH DISABILITIES**
**ACT; REHABILITATION ACT OF 1973,**
16    COUNTY OF ALAMEDA, and    **§ 504; CALIFORNIA GOVERNMENT CODE**
DOES 1-10, Inclusive,         **§ 11135; CALIFORNIA GOVERNMENT**
17                    **CODE §§ 4450 ET SEQ.; CALIFORNIA**
        Defendants.       **CIVIL CODE §§ 51, 52, 54 AND 54.1, AND**
18                    **RELATED CODES AND REGULATIONS**

19                  /    <u>**DEMAND FOR JURY TRIAL**</u>

20

21           Plaintiff Shawna Wilkins-Jones complains of defendant County of

22   Alameda, and alleges as follows:

23

24    **INTRODUCTION**

25           1.      This case involves the denial of accessible policies and facilities to

26   disabled persons detained at the Alameda County Jail at Santa Rita, a facility owned and

27   operated by County of Alameda.

28           2.      On April 13, 2007, after being picked up on a four-year-old

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -1-    S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGESENT

1  misdemeanor warrant from another county on charges that were later dismissed, plaintiff
2  Shawna Wilkins-Jones was taken to Santa Rita by the arresting officer. The officer,
3  upon learning that Ms. Wilkins-Jones was a person with a disability, informed her that
4  Santa Rita was the only facility in the County accessible to disabled people. But the
5  facility was not accessible, and as a result plaintiff Wilkins-Jones suffered for three days
6  in a "holding cell." Because of the way this cell was designed and built, plaintiff
7  Wilkins-Jones had to stand for hours at a time, sleep on a cement floor, and painfully
8  hold her excretory bodily functions. Even after plaintiff Wilkins-Jones was transferred
9  to another cell in one of the "housing units," she had difficulty using the facilities.
10 Despite her repeated requests, at no point during her entire stay at Santa Rita was
11 plaintiff Wilkins-Jones ever provided with a wheelchair to assist her mobility, even
12 though she told the jail staff during the first moments of her incarceration – and
13 repeatedly during her stay – that she was a person with multiple disabilities who suffers
14 from systemic lupus and rheumatoid arthritis, and has difficulty walking and standing.
15 She was nevertheless forced to stand for long periods at a time, forced to walk long
16 distances within the jail and to the court building, and prevented from sitting or lying
17 down, causing her great pain and discomfort. Moreover, she was forced to endure all of
18 this without access to all the different medications she needed to prevent the pain and
19 other severe symptoms associated with her disability.

20      3. As a result of the illegal, discriminatory architectural design, and the
21 discriminatory policies and procedures carried out by the staff at the jail, plaintiff
22 Wilkins-Jones suffered immediate and lasting injury – circulatory problems that led to
23 major pain and swelling in her joints, swelling in her legs that became so bad that her
24 skin broke into deep cysts that would not heal, back pain and injury, dehydration,
25 headaches, nausea, and injury to her excretory system. The discrimination by defendant
26 was intentional because the jail and its employees and representatives knew and failed to
27 properly act on the knowledge that Ms. Wilkins-Jones was a person with a disability
28 who required assistive devices, accessible facilities, and preventive medication.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -2-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  4.  Plaintiff Wilkins-Jones seeks injunctive relief to require defendant
2  Alameda County to make its County jail pretrial facilities accessible to disabled persons
3  and to modify its policies – specifically to ensure that disabled persons held as detainees
4  at Santa Rita receive the assistive devices and medication they need within a reasonable
5  time period.  Finally, plaintiff Wilkins-Jones seeks recovery of damages for the
6  discriminatory experience that she suffered, and recovery of reasonable attorney fees,
7  including litigation expenses and costs, according to statute.

8

9  **JURISDICTION**

10  5.  This Court has jurisdiction of this action pursuant to 28 USC
11  § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter
12  sometimes "ADA"), 42 U.S.C. §§ 12101, *et seq.*  Pursuant to supplemental jurisdiction,
13  attendant and related causes of action arising from the same facts are also brought under
14  California law, including but not limited to violations of California Government Code
15  §§ 4450, *et seq.*, and Government Code § 11135; Civil Code §§ 54, 54.1, 54.3 and 55;
16  and California Code of Regulations, Title 24-2.

17  6.  This Court has subject matter jurisdiction of this action pursuant to
18  28 USC § 1343(3) for claims arising under Section 504 of the Rehabilitation Act of
19  1973.  Additionally, this Court has jurisdiction over the public accommodations named
20  in this action pursuant to 28 USC § 1331 for violations of the Americans with
21  Disabilities Act of 1990, 42 USC §§ 12101, *et seq.*

22

23  **VENUE**

24  7.  Venue is proper in the Northern District of California, the judicial
25  district in which the claims have arisen, pursuant to 28 USC § 1391(b), and is properly
26  assigned to the San Francisco/Oakland intradistrict.
27  //
28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -3-    S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  **PARTIES**

2          8.    Plaintiff Shawna Wilkins-Jones is and at all times relevant to this

3  Complaint was a "physically disabled person" and a "person with disabilities," as these

4  terms are used under California law and under federal laws, including but not limited to

5  § 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities

6  Act of 1990. These terms, a "physically disabled person" and a "person with

7  disabilities," will be used interchangeably throughout this Complaint. Plaintiff Wilkins-

8  Jones is mobility impaired as a result of systemic lupus and rheumatoid arthritis, which

9  affect major life activities including standing and walking. She requires the use of

10 mobility assistive devices, such as a cane or wheelchair, and regular medication.

11 Plaintiff cannot walk long distances and has difficulty climbing or descending stairs. In

12 addition to her mobility impairment, she has very limited use of her hands, which are

13 disfigured from arthritis and have required corrective surgery to maintain minimal

14 movement in her fingers and joints. Even when she uses a mobility device, plaintiff

15 Wilkins-Jones suffers from immediacy in urination, extreme fatigue, and joint pain,

16 stiffness and swelling. If she is denied her medication for even one day, she may suffer

17 extreme swelling in her feet and legs that can lead to painful and slow-healing ulcerous

18 wounds and bruising. If she is denied accessible facilities, she may suffer pain or

19 dislocation of her joints, and for many years has required use of medication to control

20 the debilitating effects of her disabilities.

21          9.    Defendant Alameda County is a public entity subject to Title II of

22 the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act

23 of 1973, the requirements of California state law requiring full and equal access to

24 public facilities pursuant to Government Code §§ 11135 and 4450, *et seq.*, and to all

25 other legal requirements referred to in this Complaint.

26          10.   Plaintiff Wilkins-Jones made a timely claim for damages to

27 Alameda County, served on October 3, 2007, a copy of which is attached as **Exhibit A**.

28 The County rejected plaintiff's claim for damages on October 17, 2007.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -4-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1    **FACTUAL BASES FOR COMPLAINT**

2        11.    Defendant Alameda County has denied plaintiff Shawna Wilkins-

3    Jones her rights to full and equal access under federal disability law, and under state

4    law, by failing to provide disabled access to its public facilities and services at Santa

5    Rita Jail, including, but not limited to: accessible and safe paths of travel to, through,

6    and within defendant's facilities; accessible busses and vans to and from the jail to the

7    courthouse; and properly configured holding cells and housing units, including

8    accessible seating, restroom facilities, showers and beds, thus failing to comply with

9    federal law requiring that public facilities be "accessible to and useable by" persons with

10   disabilities who are detained in these facilities.   In addition, Alameda County's policies

11   are and were in violation of California law to the extent that they resulted in defendant's

12   failure to provide, within a reasonable time, the medication required to control the

13   debilitating effects of plaintiff Wilkins-Jones' medical conditions and disabilities, and

14   defendant's failure to provide any mobility assistive devices to plaintiff, despite her

15   repeated requests.

16       12.    After being arrested on a four-year-old misdemeanor warrant for

17   charges that were later dismissed, plaintiff Wilkins-Jones was placed in a holding cell at

18   Santa Rita Jail on or about April 13, 2007, and was forced to remain there for three days

19   (Friday, April 13th to Sunday, April 15th) without provision to her of a wheelchair.

20   While held in the cell, plaintiff Wilkins-Jones had substantial difficulty sitting or

21   standing because the only seating in the room was inaccessible to persons with

22   disabilities.   She also had difficulty using the toilet in the holding cell, which was not

23   accessible to people with disabilities because it was too low and lacked grab-bars and

24   other accessibility features.   As a result she was unable to use the toilet as needed over

25   the next three days, causing her bodily functions distress, pain and injuries.   On April

26   13th and 14th, plaintiff was forced to spend the night in a concrete and steel Holding Cell

27   and the guards provided her no bed or bedding.   For rest, she was forced to lie down on

28   the cement floor, which she achieved only with the assistance of other women being

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                -5-                S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  held in the cell, and causing her pain and distress. Lying on the cold, hard floor caused

2  her legs and feet to swell badly, and caused her skin to break open in several places,

3  forming large sores and bruising. After spending two nights in this way, plaintiff was

4  transferred to one of the jail's housing units, but she was again forced to spend

5  significant time in a holding cell on April 16th, 17th and 18th, causing her to suffer again

6  from the lack of accessible seating and toilet facilities.

7         13.    On or about the morning of April 13, 2007, plaintiff notified the

8  intake nurse, an employee of defendant Alameda County, that she had not taken her

9  daily medication and needed it to combat the pain and swelling associated with her

10  disability, but the nurse did not give her any medication. Plaintiff met with another

11  nurse, also an employee of Alameda County, at approximately 8:00 p.m. on April 13th,

12  and again requested anti-inflammatory medication, but the nurse told her that she would

13  not receive the medication she needed until Monday morning, April 16, 2007. Plaintiff

14  informed the nurse that waiting for medication would be extremely detrimental to her

15  health and would cause her to suffer pain and swelling. Nevertheless, it was not until

16  April 16th, three days after her initial request, that plaintiff received the medication she

17  had previously told the nurses she needed.

18         14.    On or about April 13, 2007, her first night in the holding cell,

19  plaintiff requested the use of a wheelchair. She told the guards that she was a person

20  with a disability and had difficulty walking, but the guards refused to provide her with

21  or allow her to use a wheelchair, even though plaintiff could see an unused wheelchair

22  in the hallway. Plaintiff again attempted to secure the assistive use of a wheelchair on

23  or about April 15th when, on her way to the housing unit, she sat down in a wheelchair

24  that was in her path. She thought the wheelchair had been provided for her use, but a

25  guard ordered her to get out of the wheelchair. During her five-day stay at Santa Rita,

26  plaintiff was forced to walk long distances throughout the jail without the use of a

27  wheelchair, cane, or other mobility device, causing her pain and damages.

28         15.    On or about April 15, 2007, plaintiff was assigned to a "housing

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -6-     S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1    unit" that was equipped with a bed, toilet and shower. The toilet and shower were
2    inaccessible in multiple respects; plaintiff was able to use the facilities only with
3    difficulty. The staff gave plaintiff two thin mattresses instead of the usual one and extra
4    bedding but made no other attempt to accommodate her.

5          16.    On April 16, 2007, plaintiff was transported in an inaccessible bus
6    to and from the Wiley W. Manuel Courthouse in downtown Oakland, approximately
7    thirty miles from Santa Rita Jail. It was difficult for plaintiff to get into and out of the
8    bus, because it was not accessible for mobility impaired persons such as plaintiff, due to
9    the very steep steps at the entry door at the front of the bus and lack of proper handrails
10   or a lift to assist persons who had trouble climbing stairs. On April 17, 2007, plaintiff
11   was again transported to and from the courthouse, this time in another inaccessible van.
12   This van had handrails at the entry door steps, but the steps were very steep, making it
13   difficult for plaintiff to climb into and out of the van.

14         17.    On or about April 16 and 17, 2007, plaintiff was forced to spend
15   two full days in an inaccessible holding cell at the courthouse behind what she believes
16   to have been Department 101 at the Wiley W. Manuel Courthouse. Like the holding cell
17   at Santa Rita Jail, the holding cell at the Courthouse was a bare cement room with an
18   inaccessible toilet and bench. The toilet was too low for her to use and lacked grab-
19   bars, and she was not able to sit down on the bench because it was too low and too
20   narrow to accommodate plaintiff's physical disabilities.

21         18.    On or about April 17, 2007, plaintiff returned to the jail after
22   spending the entire day in an inaccessible cell at the Wiley Manuel Courthouse, and was
23   placed in an inaccessible holding cell at Santa Rita Jail. A guard called her name to go
24   back to the housing unit, but plaintiff did not respond. She was too exhausted to make
25   the long walk back to the holding cell without accommodation of a wheelchair or other
26   mobility assistive device, which she had requested, but which had been denied to her.
27   When the guard noticed that plaintiff did not respond, the guard threatened that she
28   would be the "last" to be released. The guard interfered with plaintiff's attempts to find

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -7-        S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  a way home with one of her former cellmates and denied her any opportunity to call her

2  family to pick her up from jail. Consistent with the guard's threat, plaintiff was the last

3  person to be released from the cell, at four in the morning on Wednesday, April 18th. As

4  a result plaintiff was required to wait in discomfort for another night, until she was

5  released in the early morning. In order to get home, plaintiff had to walk approximately

6  500 yards without assistance. She then waited at the shuttle stop until approximately

7  6:45 when the shuttle began its rounds to the Bay Area Rapid Transit station (BART),

8  which took approximately fifteen minutes. Plaintiff was then forced to take the BART

9  to Oakland, approximately an hour long journey. Unable to notify her family that she

10  had not in fact been released from Santa Rita, plaintiff's mother and daughter drove out

11  to Santa Rita twice in order to try to pick up plaintiff from the jail in her car. However,

12  these two night-time trips were useless because plaintiff had not yet been released.

13  These acts constitute retaliation for plaintiff's attempts to secure accommodation for her

14  disability.

15      19.    Several people who shared the holding cell(s) with plaintiff on

16  April 13 until April 18, 2007, witnessed Shawna Wilkins-Jones' difficulty using the

17  toilet and seating in the holding cell, her difficulty lying down and standing up from the

18  floor of the holding cell, and her repeated requests for a mobility device and medication

19  that were denied.

20      20.    As a result of the County's failure to carry out its legal obligations

21  under federal and state civil rights laws, plaintiff Wilkins-Jones was discriminated

22  against on the basis of her disability and suffered physical, mental and emotional

23  distress and injuries, and medical expenses, all to her damages. Damages are for

24  violation of civil rights to a physically disabled person; denial of full and equal access to

25  public facilities; and personal injuries, including physical, mental and emotional

26  injuries; and statutory damages and statutory attorney fees, litigation expenses and costs,

27  all in an amount within the unlimited jurisdiction of the California Superior Court. The

28  County of Alameda is also responsible for treble damages pursuant to Civil Code § 54.3

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1   for violations of §§ 54 and 54.1, respectively, and for damages due to intentional
2   discrimination under ADA Title II, in that the violations of the rights of a disabled
3   person were done knowingly and in conscious disregard for the rights of plaintiff and of
4   other disabled persons.

5

6                              **FIRST CAUSE OF ACTION:**
    **DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS**
7                      **WITH DISABILITIES ACT OF 1990**

8           21.    Plaintiff repleads and incorporates by reference, as if fully set forth
9   hereafter, the allegations contained in Paragraphs 1 through 20 of this Complaint and
10  incorporates them herein.

11          22.    Effective January 26, 1992, plaintiff is entitled to the protections of
12  the "Public Services" provision of Title II of the Americans with Disabilities Act of
13  1990. Title II, Subpart A prohibits discrimination by any "public entity," including any
14  state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

15          23.    Pursuant to 42 USC §12132, Section 202 of Title II, no qualified
16  individual with a disability shall, by reason of such disability, be excluded from
17  participation in or be denied the benefits of the services, programs or activities of a
18  public entity, or be subjected to discrimination by any such entity. Plaintiff was at all
19  times relevant herein a qualified individual with a disability as therein defined.

20          24.    The defendant governmental entity has failed in its responsibilities
21  under Title II to provide its services, programs and activities in a full and equal manner
22  to disabled persons as described hereinabove, including failing to ensure that the paths
23  of travel, entrance, and public facilities and public accommodations, as described herein,
24  are accessible to disabled persons, and failing to remove known architectural barriers at
25  the subject facilities so as to be accessible to disabled persons, and/or modify its
26  programs, services and activities to make them accessible to disabled persons, including
27  plaintiff. As a proximate result of defendant's actions and omissions, defendant has
28  knowingly and intentionally discriminated against plaintiff, in violation of Title II of the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -9-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  Americans With Disabilities Act of 1990, and of the regulations adopted to implement
2  the ADA.

3          25.    As a result of such discrimination, in violation of §202 of the ADA,
4  plaintiff is entitled to the remedies, procedures and rights set forth in Section 505 of the
5  Rehabilitation Act of 1973 (29 USC § 794a). Plaintiff also seeks injunctive relief to
6  require defendant to remove the barriers to access complained of, to provide accessible
7  services, and to provide all remedies, including damages, statutory attorney fees,
8  litigation expenses and costs, including those remedies specified by sections 203 and
9  505 of the Americans With Disabilities Act of 1990, Civil Code §§ 54, 54.1, and 54.3,
10  and by California Code of Civil Procedure § 1021.5, according to proof.

11          26.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to
12  prohibit the acts and omissions of defendant as complained of herein which have the
13  effect of wrongfully discriminating against plaintiff and other members of the public
14  who are physically disabled, including wheelchair users and other mobility disabled
15  persons, from full and equal access to these public facilities. Such acts and omissions
16  were the cause of humiliation and physical, mental, and emotional suffering of plaintiff
17  in that these actions treated plaintiff as an inferior and second class citizen and served to
18  discriminate against her on the sole basis that she is a person with disabilities and
19  requires the use of a wheelchair, cane, prostheses and/or other assistive mobility device
20  for movement and requires the use of medication. Plaintiff may be detained at Santa
21  Rita again, and may be unable to achieve equal access to services and facilities at Santa
22  Rita Jail so long as such acts and omissions of defendant continue. The acts of
23  defendant have proximately caused irreparable injury to plaintiff and will continue to
24  cause irreparable injury to other disabled persons if not enjoined by this Court.

25          27.    To the date of filing this Complaint, the specified public facilities
26  continue to be inaccessible for use by physically disabled persons such as plaintiff.
27  Plaintiff requests that an injunction be ordered requiring that defendant take prompt
28  action to modify the aforementioned public facilities to render them accessible to and

1    usable by plaintiff, and thereby make its governmental services available to and usable

2    by physically disabled persons.

3        Wherefore, plaintiff prays the Court grant relief as requested herein below.

4

5                            **SECOND CAUSE OF ACTION:**
                **VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973**
6

7        28.    Plaintiff repleads and incorporates by reference, as if fully set forth

8    hereafter, the allegations contained in Paragraphs 1 through 27 of this complaint and

     incorporates them herein.
9

10       29.    Public entity defendant Alameda County City is a governmental

11   entity existing under the laws of the State of California with responsibility for, *inter alia*,

     the described public facilities, including but not limited to walkways, paths of travel,
12

13   Holding Cells for detention of persons accused of crime but not convicted and presumed

14   innocent, and related public facilities within the subject public facility. Plaintiff is

     informed and believes and therefore alleges that defendant Alameda County is and has
15

16   been at all relevant times the recipient of federal financial assistance, and that part of

17   that financial assistance has been used to fund the operations, construction and/or

     maintenance of the specific public facilities described herein and the activities that take
18

19   place therein.

20       30.    By their actions or inactions in denying disabled accessible

21   facilities at the public facilities specified herein, defendant has violated plaintiff's rights

     under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations
22

23   promulgated thereunder.

24       31.    By their actions or inactions in denying to plaintiff Shawna

25   Wilkins-Jones, a disabled person, her rights to have "full and equal" access to the same

     programs, activities, services, and environment as non-disabled persons, and by
26

27   otherwise discriminating against plaintiff solely by reason of her physical disability,

28   defendant has violated plaintiff's rights under § 504 of the Rehabilitation Act of 1973

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -11-        S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1    and the regulations promulgated thereunder.  Plaintiff seeks damages for denial of her

2    civil rights, for interference with her right to accessible public accommodations and

3    services, and for resulting physical, mental and emotional injury, all to her damages

4    according to proof.  Further, plaintiff seeks injunctive relief, requesting that the Court

5    order defendant to correct the access deficiencies complained of herein so that she and

6    other disabled persons will not face discrimination in the future in accessing the public

7    accommodations in the subject public facility on the same basis as non-disabled persons,

8    and seeks recovery of damages, statutory attorney fees, litigation expenses and costs.

9         32.    Plaintiff has no adequate remedy at law and, unless the relief

10    requested herein is granted, plaintiff and other disabled persons will continue to suffer

11    irreparable injury by the deprivation of meaningful access and accommodation at the

12    subject public facility operated by defendant.

13         Wherefore, plaintiff prays the Court grant relief as requested below.

14

15                            **THIRD CAUSE OF ACTION:**
      **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL**
16    **CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES**
              **ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**
17

18         33.    Plaintiff repleads and incorporates by reference, as if fully set forth

19    hereafter, the factual allegations contained in Paragraphs 1 through 32 of this complaint

20    and incorporates them herein.

21         34.    At all times relevant to this complaint, California Civil Code

22    section 51 has provided that physically disabled persons are free and equal citizens of

23    the state, regardless of medical condition or disability:

24         All persons within the jurisdiction of this state are free and equal, and no
           matter what their sex, race, color, religion, ancestry, national origin,
25         disability, or medical condition are entitled to the full and equal
           accommodations, advantages, facilities, privileges, or services in all
26         business establishments of every kind whatsoever.

27    Cal. Civ. C. § 51(b).

28         California Civil Code Section 52 provides that the discrimination by

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -12-                S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1 | defendant against plaintiff on the basis of her disability constitutes a violation of the

2 | general anti-discrimination provision of section 51 and 52.

3 |    35. Defendant's discrimination constitutes a separate and distinct

4 | violation of California Civil Code section 52, which provides that:

5 |   Whoever denies, aids or incites a denial, or makes any discrimination or
6 | distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be deterined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of
7 | actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered
8 | by any person denied the rights provided in Section 51, 51.5, or 51.6.

9 |    36. The actions and omissions of defendant as herein alleged constitute

10 | a denial of access to and use of the described public facilities by physically disabled

11 | persons within the meaning of California Civil Code sections 51 and 52. As a proximate

12 | result of defendant's action and omissions, defendant has discriminated against plaintiff

13 | in violation of California Civil Code sections 51 and 52.

14 |    37. Any violation of the Americans With Disabilities Act of 1990 (as

15 | pled in the First Cause of Action) also constitutes a violation of section 51(f) of the

16 | California Civil Code, thus independently justifying an award of damages and injunctive

17 | relief pursuant to California law. Per section 51(f), "A violation of the right of any

18 | individual under the Americans With Disabilities Act of 1990 (Public Law 101-336)

19 | shall also constitute a violation of this section."

20 |    38. Plaintiff has no adequate remedy at law and, unless the relief

21 | requested herein is granted, plaintiff and other disabled persons will continue to suffer

22 | irreparable harm as a result of defendant's failure to fulfill its obligations to provide

23 | meaningful access to the subject public facilities.

24 |    39. Wherefore plaintiff asks this Court to preliminarily and

25 | permanently enjoin any continuing refusal by defendant to grant full and equal access to

26 | plaintiff in the respects complained of and to require defendant to comply forthwith with

27 | the applicable statutory requirements relating to access for disabled persons. Such

28 | injunctive relief is provided for a violation of California Government Code §§ 4450, *et*

1 *seq.*, for causing a denial of rights by disabled persons, by California Civil Code § 51 *et*

2 *seq.* California Civil Code section 52 provides that whoever discriminates contrary to

3 section 51, 51.5, or 51.6 is liable for each offense for the actual damages and any

4 amount as may be determined by a court or jury up to a maximum of three times the

5 amount of actual damage, but in no case less than $4,000 and such attorney fees that

6 may be determined by the Court in addition thereto. Plaintiff alleges that defendant

7 failed to provide legally required access at the Santa Rita Jail and its related facilities

8 and further requests that the Court award damages pursuant to Civil Code § 52 and

9 attorney fees, litigation expenses and costs pursuant to Government Code §§ 4450, *et*

10 *seq.*, Civil Code § 52(a), Code of Civil Procedure § 1021.5 and other law, all as

11 hereinafter prayed for.

12     40.     **DAMAGES:** As a result of the denial of equal access to these

13 facilities and due to the acts and omissions of defendant in owning, operating, leasing,

14 constructing, altering and maintaining the subject facilities, plaintiff suffered multiple

15 violations of her civil rights, including but not limited to rights under Civil Code §§ 51

16 and 52, all to her damages per Civil Code § 52(a), as hereinafter stated. Defendant's

17 actions and omissions to act constitute discrimination against plaintiff on the sole basis

18 that she was and is physically disabled and unable, because of the architectural barriers

19 created and/or maintained by defendant in violation of the subject laws, to use these

20 public facilities on a full and equal basis as other persons.

21     41.     **FEES AND COSTS:** As a result of defendant's acts, omissions

22 and conduct, plaintiff has been required to incur attorney fees, litigation expenses and

23 costs as provided by statute in order to enforce plaintiff's rights and to enforce

24 provisions of the law protecting access for disabled persons and prohibiting

25 discrimination against disabled persons. Plaintiff therefore seeks recovery of all

26 reasonable attorney fees, litigation expenses and costs pursuant to the provisions of

27 California Civil Code §§ 54.3 and 55 and California Government Code §§ 4450, *et seq.*

28 Additionally, plaintiff's lawsuit is intended to require that defendant make its facilities

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -14-                    S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  and policies accessible to all disabled members of the public, justifying "public interest"

2  attorney fees, litigation expenses and costs pursuant to the provisions of California Code

3  of Civil Procedure § 1021.5 and other applicable law.

4      Wherefore, plaintiff prays the Court grant relief as requested, herein below.

5

6                          **FOURTH CAUSE OF ACTION:**
   **VIOLATION OF CALIFORNIA LAW INCLUDING: SECTIONS 54 and**
7  **54.1,GOVERNMENT CODE §§4450, ET SEQ., AND THE AMERICANS WITH**
   **DISABILITIES ACT AS INCORPORATED BY CALIFORNIA CIVIL CODE**
8                      **SECTIONS 54(c) AND 54.1(d)**

9          42.    Plaintiff repleads and incorporates by reference, as if fully set forth

10 hereafter, the factual allegations contained in Paragraphs 1 through 41 of this Complaint

11 and incorporates them herein.

12         43.    At all times relevant to this Complaint, California Civil Code

13 section 54.1 has provided that physically disabled persons are not to be discriminated

14 against because of physical handicap or disability in the use of a public accommodation:

15         . . . [P]hysically disabled persons shall be entitled to full and equal access,
           as other members of the general public, to accommodations, advantages,
16         facilities and privileges of all common carriers, airplanes, motor vehicles..
           . . or any other public conveyances or modes of transportation, telephone
17         facilities, hotels, lodging places, places of public accommodation, and
           amusement or resort, and other places to which the general public is
18         invited, subject only to the conditions or limitations established by law, or
19         state or other federal regulations, and applicable alike to all other persons.

20 The discrimination by defendants against Plaintiff on the basis of her disability

21 constitutes a violation of the general anti-discrimination provision of California Civil

22 Code sections 54 and 54.1.

23         44.    Plaintiff is informed and believes and therefore alleges that the

24 specified public facilities owned and maintained by defendant County of Alameda are

25 structures or related facilities within the meaning of California Government Code

26 §§ 4450 and 4451. Plaintiff is further informed and believes and therefore alleges that

27 the defendant has constructed, altered, or repaired parts of the subject public property,

28 structure and facilities since 1968 within the meaning of California Government Code

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -15-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1   §§ 4450, *et seq.*, including § 4456, thereby requiring provision of access to persons with

2   disabilities, as required by law. The actions and omissions of defendant as herein

3   alleged constitute a denial of access to and use of the described public facilities by

4   physically disabled persons within the meaning of California Government Code §§

5   4450, *et seq*. As a proximate result of defendant's action and omissions, defendant has

6   discriminated against plaintiff in violation of California Government Code §§ 4450, *et*

7   *seq.*, and of Title 24-2 regulations adopted to implement § 4450. A violation of

8   §§4450, *et seq.* constitutes a violation of Civil Code sections 54 and 54.1.

9          45.    Any violation of the Americans With Disabilities Act of 1990 (as

10  pled in the First Cause of Action) also constitutes a violation of sections 54 (c) and

11  54.1(d) of the California Civil Code, thus independently justifying an award of damages

12  and injunctive relief pursuant to California law. Plaintiff alleges that she has been

13  denied such full and equal access as required by California law which incorporates Title

14  II of the ADA, including but not limited to section 204.

15         46.    Plaintiff has no adequate remedy at law and, unless the relief

16  requested herein is granted, plaintiff and other disabled persons will continue to suffer

17  irreparable harm as a result of defendant's failure to fulfill its obligations to provide

18  meaningful access to the subject public facilities.

19         47.    Wherefore plaintiff asks this Court to preliminarily and

20  permanently enjoin any continuing refusal by defendant to grant full and equal access to

21  plaintiff in the respects complained of and to require defendant to comply forthwith with

22  the applicable statutory requirements relating to access for disabled persons. Such

23  injunctive relief is provided for a violation of California Government Code §§ 4450, *et*

24  *seq.*, for causing a denial of rights by disabled persons, by California Civil Code § 54, *et*

25  *seq.* California Civil Code section 54.3 provides that any person or corporation who

26  denies or interferes with admittance to or enjoyment of the public facilities as specified

27  in sections 54 and 54.1 or otherwise interferes with the rights of an individual with a

28  disability is liable for each offense for the actual damage and any amount as may be

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1 | determined by a court or jury up to a maximum of three times the amount of actual

2 | damage but in no case less than $1,000 and such attorney fees that may be determined

3 | by the Court in addition thereto. Plaintiff alleges that defendant failed to provide legally

4 | required access at the Santa Rita Jail and its related facilities and further requests that

5 | the Court award damages pursuant to Civil Code § 54.3 and attorney fees, litigation

6 | expenses and costs pursuant to Government Code §§ 4450, *et seq.*, Civil Code §§ 54.3

7 | and 55, Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

8 | 48.  **DAMAGES:** As a result of the denial of equal access to these

9 | facilities and due to the acts and omissions of defendant in owning, operating, leasing,

10 | constructing, altering and maintaining the subject facilities, plaintiff suffered multiple

11 | violations of her civil rights, including but not limited to rights under Civil Code §§ 54

12 | and 54.1, all to her damages per Civil Code §54.3, as hereinafter stated. Defendant's

13 | actions and omissions to act constitute discrimination against plaintiff on the sole basis

14 | that she was and is physically disabled and unable, because of the architectural barriers

15 | created and/or maintained by defendant in violation of the subject laws, to use these

16 | public facilities on a full and equal basis as other persons.

17 | 49.  **FEES AND COSTS:** As a result of defendant's acts, omissions

18 | and conduct, plaintiff has been required to incur attorney fees, litigation expenses and

19 | costs as provided by statute in order to enforce plaintiff's rights and to enforce

20 | provisions of the law protecting access for disabled persons and prohibiting

21 | discrimination against disabled persons. Plaintiff therefore seeks recovery of all

22 | reasonable attorney fees, litigation expenses and costs pursuant to the provisions of

23 | California Civil Code §§ 54.3 and 55 and California Government Code §§ 4450, *et seq.*

24 | Additionally, plaintiff's lawsuit is intended to require that defendant make its facilities

25 | and policies accessible to all disabled members of the public, justifying "public interest"

26 | attorney fees, litigation expenses and costs pursuant to the provisions of California Code

27 | of Civil Procedure § 1021.5 and other applicable law.

28 | Wherefore, plaintiff prays the Court grant relief as requested, herein below.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -17-          S:\SLR\ALA CTY · JONES\PLEADINGS\JONES CMP.wpd

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,**
**DISCRIMINATION UNDER PROGRAM RECEIVING**
**FINANCIAL ASSISTANCE FROM THE STATE**

50.     Plaintiff repleads and incorporates by reference as if fully set forth

herein the allegations contained in Paragraphs 1 through 49 of this Complaint.

51.     On information and belief, the administration, supervision and

maintenance by defendant of the property, structure and facilities that are the subject of

the action are funded in part by the State of California.

52.     Defendant has failed to make its programs, services and activities

readily accessible to and useable by disabled persons in violation of California

Government Code §§ 11135, *et seq.* Government Code § 11135 states:

> § 11135. Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition.

> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

53.     Plaintiff has no adequate remedy at law and, unless the requested

relief is granted, plaintiff and other disabled persons will suffer irreparable harm in that

they will continue to be discriminated against and denied access to and accommodation

within the subject facilities, and denied the benefits of the "programs, services and

activities" offered to the general public. Further, plaintiff suffered damages, as

specified, as the result of denial of her civil rights when she tried to use these facilities,

according to proof. Because plaintiff seeks improvement of access for similarly situated

physically disabled persons, which will benefit a significant portion of the public,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -18-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

1  plaintiff seeks attorney fees, litigation expenses and costs pursuant to California Code of

2  Civil Procedure § 1021.5, as to this cause of action and as to all causes of action in this

3  complaint that seek injunctive relief.

4      Wherefore, plaintiff prays the Court grant relief as requested herein below.

5

6                      **PRAYER FOR RELIEF**

7      WHEREFORE, plaintiff prays that this Court:

8      1.    Issue a preliminary and permanent injunction directing defendant to

9  modify the subject public facilities and its policies and practices, so that they provide

10 full and equal access to physically disabled persons;

11     2.    Retain jurisdiction over defendant until such time as the Court is

12 satisfied that defendant's unlawful policies, practices, acts and omissions complained of

13 herein no longer exist, and will not recur;

14     3.    Grant a jury trial and award to plaintiff all appropriate damages in

15 an amount to be proved at trial, including compensatory, statutory, and treble damages;

16     4.    Award to plaintiff all costs of this proceeding and award all

17 statutory remedies including statutory attorney fees, litigation expenses and costs, as

18 provided by law;

19     4.    Award prejudgment interest pursuant to Civil Code § 3291; and

20     5.    Grant such other and further relief as this Court may deem just and

21 proper.

22

23 Dated: March 12, 2008              PAUL L. REIN
                                   JULIE A. OSTIL

24                               ANN WINTERMAN
                              LAW OFFICES OF PAUL L. REIN

25

26

27                               Attorneys for Plaintiff
                              Shawna Wilkins-Jones

28

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4     Dated: March 17, 2008                    PAUL L. REIN
                                               JULIE A. OSTIL
5                                              ANN WINTERMAN
                                               LAW OFFICES OF PAUL L. REIN
6

7

8                                              _____
                                               Attorneys for Plaintiff
9                                              SHAWNA WILKINS-JONES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -20-          S:\SLR\ALA CTY - JONES\PLEADINGS\JONES CMP.wpd

## CLAIM AGAINST THE COUNTY OF ALAMEDA

### PLEASE TYPE OR PRINT

Please complete the form, retain one (1) copy for your records
and return the original to:
Clerk, Board of Supervisors Office,
Administration Building, 1221 Oak Street,
Room 536, Oakland, CA 94612. Phone: (510) 208-4949.

Please include all attachments which would support your
claim (estimates, bills, receipts, police report, etc.)

CBS CLAIM NO._____

**FOR CLERK'S USE ONLY**

**FOR FUTURE INFORMATION ON YOUR CLAIM
PLEASE CONTACT:
Acclamation Insurance Management Services
P.O. Box 2147, Oakland, CA 94621
Phone No.: (510) 633-5650       Fax: (510) 633-5673**

RECEIVED
OCT 0 3 2007
CLERK, BOARD
OF SUPERVISORS

1.    Claimant's Name: **Wilkins-Jones, Shawna**
      (Last, First, Middle Initial)

1.5   Claimant's PFN (if applicable): **N/A**

2.    Address: **1729 Ward St, Berkeley, CA 94703** - ____
      (number, street, city, state & zip code)       (phone number)

3.    Address to which notices are to be sent, if different from 1 & 2:
      Name: **Paul L. Rein, Esq.**
      Address: **200 Lakeside Dr., Suite A, Oakland CA 94612    510/832-5001**
      (number, street, city, state & zip code)       (phone number)

*4.   Total Amount of Claim: $ **See attached**    5. Date of Accident/Loss: **4/13-18/2007**

6.    Location of Accident/Loss: **Santa Rita Jail, Dublin, CA**

7.    How did Accident/Loss Occur?: **See attached**

8.    Describe Injury/Damage/Loss: **See attached**

9.    Name of Public Employee(s) Causing Injury/Damage/Loss, if known: **See attached**

10.   Itemization of Claim (List items totaling amount set forth in line #4). (Use separate sheet for additional items.)

| ITEM | AMOUNT | ITEM | AMOUNT |
|------|--------|------|--------|
| **See attached** | $ | / | $ |
| | $ | / | $ |
| | | *TOTAL AMOUNT OF CLAIM | $ |

11. Signed by or on behalf of claimant: **Paul L. Rein**    Date: **10/3/07**

### NOTICE: Section 72 of the Penal Code provides:

"Every person who, with intent to defraud, presents for allowance or for payment to any state board or officer, or to any county, city or
district board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is
punishable either by imprisonment in the county jail for a period of not more than one year, by a fine of not exceeding one thousand
($1,000), or by both such imprisonment and fine; or by imprisonment in the state prison, or by a fine not exceeding ten thousand
($10,000), or by both such imprisonment and fine."

v:\claims\claim form updated 12_05.doc

1    PAUL L. REIN, Esq. (SBN 43053)
     JULIE OSTIL, Esq. (SBN 215202)
2    ANN WINTERMAN, Esq. (SBN 222257)
     LAW OFFICES OF PAUL L. REIN
3    200 Lakeside Drive, Suite A
     Oakland, CA 94612
4    (510) 832-5001

5

6    Attorneys for Claimant
     SHAWNA WILKINS-JONES

7

8    In the Matter of the Claim of
     SHAWNA WILKINS-JONES,
9
           Claimant,
10
11    v.                                 **CLAIM AGAINST PUBLIC ENTITY**

12    County of Alameda,

13            Respondent.
    ———————————————/

14

15        To Alameda County, SHAWNA WILKINS-JONES hereby presents this claim pursuant

16    to section 910 of the California Government Code.

17        1.      The name and address of claimant is SHAWNA WILKINS-JONES, 1729 Ward

18    Street, Berkeley, CA 94703.

19        2.      The address for contact with Claimant SHAWNA WILKINS-JONES for any

20    and all notices regarding this claim is: c/o Paul L. Rein, Esq., 200 Lakeside Dr., Suite A,

21    Oakland, CA 94612.

22        3.      Claimant SHAWNA WILKINS-JONES is a physically disabled person who is

23    mobility impaired from Systemic Lupus and Rheumatoid Arthritis and is a legally disabled

24    person under California's disabled access statutes and regulations and under the Americans

25    with Disabilities Act of 1990. Beginning on April 13, 2007 and continuing through April 18,

26    2007, Claimant SHAWNA WILKINS-JONES was denied full and equal access to public

27    facilities owned and operated, controlled and/or maintained by Respondent, due to the

28

Claim Against Public Entity: Shawna Wilkins-Jones v.           - 1 -
Alameda County

1    circumstances more fully described below. Respondent ALAMEDA COUNTY has denied

2    Claimant her rights to full and equal access under federal disability law, and under state law,

3    including California Government Code §4450 *et seq.*, California Civil Code sections §§54 and

4    54.1 and California Code of Regulations, Title 24, by failing to provide disabled access to its

5    public facilities, and the "programs, services and activities" at Santa Rita Jail, including, but not

6    limited to: accessible and safe paths of travel to, through, and within Respondent's facilities;

7    accessible busses and vans to and from the jail to the courthouse; and properly configured

8    holding cells and housing units including accessible seating, restroom facilities, showers, and

9    beds, thus failing to make its public facilities "accessible to and useable by" persons with

10   disabilities. In addition, the policies Respondent follows are in violation of California law to

11   the extent that they caused Respondent to fail to provide within a reasonable time the

12   medication required by Claimant to control the debilitating effects of her disability, and to the

13   extent that such policies caused Respondent to fail to provide mobility assistive devices to

14   Claimant during the five days of her incarceration, despite Claimant's repeated requests.

15        4.    **GENERAL DESCRIPTION OF INJURY OR LOSS:** Claimant SHAWNA

16   WILKINS-JONES is a physically disabled person who suffers from Systemic Lupus and

17   Rheumatoid Arthritis and requires the use of a cane, wheelchair, or other device for mobility.

18   In addition to her mobility impairment, she has very limited use of her hands, which are

19   disfigured from arthritis and have required corrective surgery to maintain minimal movement in

20   her fingers and joints. Even when she uses a mobility device, Claimant suffers from

21   immediacy in urination, extreme fatigue, and joint pain, stiffness, and swelling. If she is denied

22   her medication for even one day, she can easily suffer extreme swelling in her feet and legs that

23   can lead to painful and slow-healing ulcerous wounds and bruising; if she is denied accessible

24   facilities, she may suffer pain or dislocation of her joints. As specified herein below,

25   Respondent ALAMEDA COUNTY has denied Claimant, a person with a disability, her rights

26   to full and equal access to the public facility, the Santa Rita Jail, by failing to provide

27   accommodations in its services and facilities as required under federal and state law, including

28   California Government Code §§4450 *et seq.*, Title II of the Americans With Disabilities Act of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity: Shawna Wilkins-Jones v.                                    - 2 -
Alameda County

1   1990, Section 504 of the Rehabilitation Act of 1973, Civil Code §§ 54 and 54.1, and other

2   Federal Civil Rights Laws.  Claimant was held for five days on a misdemeanor failure to

3   appear charge that was later dismissed.

4   (A) **Denial of Accessible Toilet, Seating, and Housing in Santa Rita Jail Holding**

5   **Cell:** Claimant was placed in a holding cell at Santa Rita Jail on April 13, 2007 and was forced

6   to remain there for three days (Friday, April 13 to Sunday April 15) without her wheelchair.

7   While held in the cell, Claimant had substantial difficulty sitting or standing, because the only

8   seating in the room was inaccessible to persons with disabilities.  Claimant also had difficulty

9   using the toilet in the holding cell, which was not accessible to people with disabilities because

10  it was too low and lacked grab-bars and other accessibility features.  As a result she was unable

11  to use the toilet as needed over the next three days, causing her bodily functions distress, pain

12  and injuries.  On April 13 and 14, Claimant was forced to spend the night in a concrete and

13  steel holding cell and the guards provided her no bed or bedding.  For rest, Claimant was forced

14  to lie down on the cement floor, causing her pain and distress, and only with the assistance of

15  other women being held in the cell.  Lying on the cold, hard floor caused her legs and feet to

16  swell badly, and caused her skin to break open in several places, forming large sores and

17  bruising.  After spending two nights in this way, Claimant was transferred to one of the jail's

18  "housing" units, but she was again forced to spend significant time in a holding cell on April

19  16, 17, and 18, causing her to suffer again from the lack of accessible seating and toilet

20  facilities.

21  (B) **Denial of Medication:** On the morning of April 13, 2007 Claimant notified the

22  intake nurse, an employee of respondent Alameda County, that she had not taken her daily

23  medication and needed it to combat the pain and swelling associated with her disability, but the

24  nurse did not give her any medication.  Claimant met with another nurse, also an employee of

25  the County, at 8 p.m. on April 13, and again requested medication, but the nurse told Claimant

26  that she would not receive the anti-inflammatory medication she needed until Monday

27  morning, April 16, 2007.  Claimant informed the nurse that waiting for medication would be

28  extremely detrimental to her health and would cause her to suffer pain and swelling.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity: Shawna Wilkins-Jones v.
Alameda County                                                                    - 3 -

1   Nevertheless, it was not until April 16, three days after her initial request, that Claimant

2   received the medication she had told the nurses she needed.

3       (C) **Denial of Mobility Device:** On April 13, 2007, her first night in the holding cell,

4   Claimant requested the use of a wheelchair. She told the guards that she was a person with a

5   disability and had difficulty walking, but the guards refused to allow her to use a wheelchair,

6   even though she could see an unused wheelchair in the hallway. Claimant again attempted to

7   secure the assistive use of a wheelchair on April 14 and 15 when, on her way to or from the

8   housing unit, she sat down in a wheelchair that was in her path. She thought the wheelchair

9   had been provided for her use, but a guard ordered her to get out of the wheelchair. During her

10  five-day stay at Santa Rita, Claimant was forced to walk long distances throughout the jail

11  without the use of a wheelchair, cane, or other mobility device, causing her pain and damages.

12      (D) **Denial of Accessible Lodging in the Housing Unit:**

13  On April 15 and 16, 2007, Claimant was assigned to stay in a housing unit that was equipped

14  with a bed, toilet, and shower. The toilet and shower were inaccessible in multiple respects;

15  Claimant was able to use the facilities only with difficulty. The staff gave Claimant two thin

16  mattresses instead of the usual one and extra bedding but made no other attempt to

17  accommodate her.

18      (E) **Denial of Accessible Transportation:** On April 16, 2007, Claimant was

19  transported in an inaccessible bus to and from the Wiley W. Manuel courthouse. It was

20  difficult for her to get into and out of the bus, because it was not accessible due to the very

21  steep steps at the entry door at the front of the bus and lack of proper handrails or a lift to assist

22  persons who have trouble climbing stairs. On April 17, Claimant was again transported to and

23  from the courthouse, this time in an inaccessible van. This van had handrails at the entry door

24  steps, but the steps were very steep, making it difficult for Claimant to climb into and out of the

25  van.

26      (F) **Denial of Accessible Cell at Wiley W. Manuel Courthouse:** On April 16 and 17,

27  2007, Claimant was forced to spend two entire days in an inaccessible holding cell at the

28  courthouse behind what she believes to have been Department 101 at the Wiley W. Manuel

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity: Shawna Wilkins-Jones v.                                          - 4 -
Alameda County

Courthouse. Like the holding cell at Santa Rita Jail, the holding cell at the courthouse was a bare cement room with an inaccessible toilet and bench. The toilet was too low for her to use and lacked grab-bars, and she was not able to sit down on the bench because it was too low and too narrow.

(G) **Retaliation in Response to Requests for Accommodation:** On April 17, 2007, Claimant returned to the jail after spending the entire day in an inaccessible cell at the courthouse, and was placed in an inaccessible holding cell at Santa Rita Jail. A guard called her name to go back to the housing unit, but Claimant did not respond. She was too exhausted to make the long walk back to the holding cell without accommodation of a wheelchair or other mobility assistive device, which she had been denied. When the guard noticed that Claimant did not respond, the guard threatened Claimant that she would be the last to be released. The guard interfered with Claimant's attempts to find a way home with one of her cellmates and denied her any opportunity to call her family to pick her up from the jail. Consistent with the guard's threat, Claimant was the last person to be released from the cell, at four in the morning on Wednesday April 18. These acts constitute retaliation for Claimant's attempts to secure accommodation for her disability.

5. **Witnesses:** Several people who shared the holding cell(s) with Claimant on April 13 until April 18, 2007, witnessed Shawna Wilkins-Jones's difficulty using the toilet and seating in the holding cell, her difficulty lying down and standing up from the floor of the holding cell, and her repeated requests for a mobility device and medication which were denied. The women who shared Claimant's cell provided her with their phone numbers, but their names are unknown at this time. The arresting officer (who arrested her on a 3-year-old "failure to appear" warrant after a traffic stop) himself is also a witness for Claimant because he recognized claimant's disability and told her that he was sending her to Santa Rita Jail specifically because they would be able to accommodate her disabilities there. Other possible witnesses include medical doctors whom Claimant contacted shortly after her release from Santa Rita Jail for diagnosis and treatment of her ongoing injuries. These include her regular doctor and a specialist in the field of rheumatology. These doctors may testify to the effect that

Claim Against Public Entity: Shawna Wilkins-Jones v.
Alameda County                                                                              - 5 -

1   the Respondent's failure to accommodate had on Claimant's health, causing her to suffer

2   injuries including but not limited to: kidney dysfunction, low back pain, headaches,

3   inflammation, ulcerated wounds on her legs, physical pain, and emotional distress.

4        6.    The names of the public employees responsible for damages are unknown at this

5   time.  On information and belief, all facilities complained of are owned and operated by

6   ALAMEDA COUNTY.

7        7.    Damages are for violation of civil rights to a physically disabled person; denial

8   of full and equal access to public facilities, and personal injuries, including physical, mental

9   and emotional injuries, and statutory damages and statutory attorney fees, litigation expenses

10  and costs, all in an amount within the unlimited jurisdiction of the California Superior Court.

11

12  Dated: October __/__, 2007                    PAUL L. REIN
                                                  JULIE A. OSTIL
13                                                ANN WINTERMAN
                                                  LAW OFFICES OF PAUL L. REIN
14

15

16                                                Attorneys for Claimant
                                                  SHAWNA WILKINS-JONES
17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Claim Against Public Entity: Shawna Wilkins-Jones v.                    - 6 -
Alameda County
s:\a-v\cases\alameda county v. shawna wilkins-jones\wilkins jones gov't claim.doc

1    ___*Certificate or Proof of Service by Mail, Fax or Personal Delivery*___

2        I, the undersigned, state: I am and was at all times herein mentioned, a citizen of the United States and a

3    resident of the County of Alameda, over the age of eighteen (18) years and not a party to the within action or
proceeding; that my business address is Law Office of Paul L. Rein, 200 Lakeside Drive, Suite A (Corner of
Jackson & 19th Streets), Oakland, CA 94612; that on the below date, following normal business practice, I caused

4    to be served the foregoing document described as:

5        **CLAIM AGAINST PUBLIC ENTITY**

6        Claim Against Public Entity: Shawna Wilkins-Jones v. Alameda County

7
8    Clerk, Board of Supervisors Office
Administration Building, 1221 Oak Street, Room 536
Oakland, CA 94612

9

10    on the interested parties in this action, by taking a true copy thereof and conveying as follows:

11    ☑    **Personal Delivery:** By personally delivering through a fax-filing or messenger agency true and exact
copies of these documents to the above entitled place of business (or as indicated on the attached
service list).

12    ☐    **Facsimile:** By facsimile transmission, from our regular facsimile machine at (510) 832-4787, at

13    approximately _____, or soon thereafter, addressed to the following facsimile
machine (☐ **Without exhibits, which are to follow by mail;** ☐ **With exhibits;** ☑ **N/A):**

14        *Name of Person Served:* _____ See Above
    *Facsimile Telephone No:* _____ See Above

15        A facsimile machine report was printed immediately thereafter, which verified that the
transmission was complete and without error.

16    ☐    **U.S. Mail and/or Overnight:** By depositing true copies thereof, enclosed in a sealed envelope(s) with
postage thereon fully prepaid, marked with the above address(es), and placed in:

17        ☑   in First Class United States Mail
    ☐   in ☐ priority, or ☐ standard, overnight mail via Federal Express,

18    I am readily familiar with our office's practice for collection and processing of correspondence
for mailing with the United States Postal Service. In the ordinary course of business,

19    correspondence, including said envelope, will be deposited with the United States Postal Service
at Oakland, and designated overnight packages will be timely scheduled for pickup or placed in

20    Federal Express drop boxes or left at drop centers at Oakland.

21        I declare that I am employed in the office of a member of the bar of this court at whose direction the
service was made, and that the foregoing is true and correct under penalty of perjury pursuant to the laws of the

22    United States and the state of California. Executed this **October 3, 2007**, in Oakland, California.

23

24    By: _____
    ☑ Steven L. Rein ☐ Aaron Clefton ☐ Katherine Castro

25        ☐ Patricia Barbosa ☐ Paul L. Rein ☐ Julie Ostil
    (Original signed)

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Claim Against Public Entity: Shawna Wilkins-Jones v.
Alameda County**    - 7 -

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

SHAWNA WILKINS-JONES

## DEFENDANTS

COUNTY OF ALAMEDA, and DOES 1-10, Inclusive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA COUNTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul Rein, 200 Lakeside Dr., A, Oakland, CA 94612, 510/832-5001

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transfered from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant | |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl. | ☐ 555 Prison Condition | | | |
| | ☐ 446 Amer w/ disab - Other | | | | |
| | ☐ 480 Consumer Credit | | | | |
| | ☐ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans With Disabilities Act of 1990; 42 USC 12101 ff; Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $☐   CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☑ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  3/17/08                SIGNATURE OF ATTORNEY OF RECORD