RICHARD E. WINNIE [68048]
County Counsel
DIANE C. GRAYDON [164095]
Deputy County Counsel
LINDSEY STERN [233201]
Associate County Counsel
Office of the County Counsel County of Alameda
1221 Oak St., Suite 450
Oakland, CA 94612
Telephone:   (510) 272-6700
Facsimile:   (510) 272-5020

Attorneys for Defendant County of Alameda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA WILKINS-JONES<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA and DOES 1 through 10,<br><br>            Defendants. | Case No.:  C08-01485 BZ<br><br>**ANSWER OF THE COUNTY OF ALAMEDA TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

    COMES NOW DEFENDANT, COUNTY OF ALAMEDA, in answering the complaint and alleges as follows:

1.  In answering paragraph 1, Defendant admits the contentions stated therein.

2.  In answering sentence 1 of paragraph 2, Defendant admits that it arrested Plaintiff on April 13, 2007 and took her to Santa Rita Jail. Defendant lacks sufficient information or belief upon which to answer the remaining allegations contained in sentence 1 of paragraph 2, and on that basis, denies both generally and specifically each and every allegation contained therein.

*Wilkins-Jones v. County of Alameda, Case No. C08-01485 BZ*
*Answer of Defendant County of Alameda*              1

3. In answering the remaining allegations of paragraph 2, Defendant denies that the jail facilities are inaccessible to those with disabilities. Defendant lacks sufficient information and belief upon which to answer all other remaining allegations contained in paragraph 2, and on that basis, denies both generally and specifically each and every allegation contained therein.

4. In answering paragraph 3, Defendant denies all of the allegations contained therein.

5. In answering paragraph 4, Defendant admits that plaintiff seeks injunctive relief in her complaint, but denies that its jail facilities are inaccessible to those with disabilities. Defendant denies the remaining allegations contained therein.

6. Defendant admits the jurisdictional and venue statements in paragraphs 5, 6 and 7.

7. In answering paragraph 8, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis, denies both generally and specifically each and every allegation contained therein.

8. Defendant admits the allegations contained in paragraph 9.

9. Defendant admits the allegations contained in paragraph 10.

10. In answering paragraph 11, Defendant denies both generally and specifically each and every allegation contained therein.

11. In answering paragraph 12, Defendant admits that Plaintiff was arrested and held at Santa Rita Jail for periods of time between April 13, 2007 through April 18th, 2007. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 12, and on that basis, denies both generally and specifically each and every allegation contained therein.

12. In answering paragraph 13, Defendant denies that "the intake nurse" is an employee of defendant County of Alameda. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 13, and on that basis, denies both generally and specifically each and every allegation contained therein.

13. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 14 and on that basis, denies both generally and specifically each and every allegation contained therein.

14. In answering paragraph 15, Defendant admits that Plaintiff was assigned to a housing unit on April 15, 2007 containing a bed, toilet and shower, and that staff provided Plaintiff with an additional mattress. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 15, and on that basis, denies both generally and specifically each and every allegation contained therein.

15. In answering paragraph 16, Defendant admits that it transported Plaintiff to the Wiley. W. Manuel Courthouse on April 16, 2007 and that she was transported back to Santa Rita jail on April 17, 2007, but denies that it does not provide accessible vans as reasonable accommodations when deemed appropriate on an as needed basis. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 16 and on that basis, denies both generally and specifically each and every allegation contained therein.

16. In answering paragraph 17, Defendant admits that Plaintiff was held from April 16, 2007 to April 17, 2007, at the Wiley. W. Manuel Courthouse, but denies that the courthouse and jail facilities are inaccessible. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 17, and on that basis, denies both generally and specifically each and every allegation contained therein.

17. In answering paragraph 18, Defendant admits that Plaintiff was released from custody at 4:00 a.m. on the 18th of April, 2007, but denies that the timing of her release was retaliatory. Defendant further denies that its facilities are inaccessible or that reasonable accommodations are not provided as needed. Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained in paragraph 18, and on that basis, denies both generally and specifically each and every allegation contained therein.

18. Defendant lacks sufficient information and belief upon which to answer the allegations contained in paragraph 19, and on that basis, denies both generally and specifically each and every allegation contained therein.

19. Defendant denies both generally and specifically each and every allegation contained in paragraph 20.

## COUNT ONE

20. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 20 as though more fully set forth herein.

21. In answering paragraph 22, Defendant admits that statute cited applies to the Defendant but lacks sufficient information and belief upon which to admit or deny whether Plaintiff is entitled to those protections, and on that basis denies the allegations contained therein.

22. In answering paragraph 23, Defendant admits that statute cited applies to the Defendant but lacks sufficient information and belief upon which to admit or deny whether Plaintiff is entitled to those protections, and on that basis denies the allegations contained therein.

23. In answering paragraph 24, Defendant denies both generally and specifically each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any way whatsoever.

24. In answering paragraph 25, Defendant denies both generally and specifically each and every allegation contained therein and specifically denies that Plaintiff has been damaged in any way whatsoever.

25. In answering paragraph 26, Defendant admits that plaintiff seeks injunctive relief in her complaint, but denies that the specified facilities are inaccessible to those with disabilities. Defendant denies the remaining allegations contained therein.

26. In answering paragraph 27, Defendant admits that plaintiff seeks injunctive relief in her complaint, but denies that the specified facilities are inaccessible to those with disabilities. Defendant denies the remaining allegations contained therein.

## COUNT TWO

27. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 27 as though more fully set forth herein.

28. In answering paragraph 29, Defendant admits that it is a governmental entity existing under the laws of the State of California. Defendant further admits that it is the recipient of federal financial assistance of which part is used to fund the specified facilities. Defendant lacks sufficient information and belief upon which to answer the remaining allegations and conclusions contained in paragraph 29, and on that basis, denies both generally and specifically each and every allegation contained therein.

29. Defendant denies both generally and specifically each and every allegation contained in paragraph 30 and specifically denies that plaintiff has been damaged in any way whatsoever.

30. In answering paragraph 31, Defendant admits that plaintiff seeks damages and injunctive relief in her complaint, but denies that its facilities are inaccessible. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 31 and specifically denies that plaintiff has been damaged in any way whatsoever.

31. Defendant denies both generally and specifically each and every allegation contained in paragraph 32 and specifically denies that plaintiff has been damaged in any way whatsoever.

## COUNT THREE

32. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 32 as though more fully set forth herein.

33. In answering paragraph 34, Defendant admits that California Civil Code section 51 and 52 prohibit discrimination against disabled persons. However, Defendant denies that it discriminated against Plaintiff on the basis of an alleged disability. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 34 and specifically denies that plaintiff has been damaged in any way whatsoever.

34. In answering paragraph 35, Defendant admits that California Civil Code section 52 prohibits discrimination against disabled persons. However, Defendant denies that it discriminated against Plaintiff. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 34 and specifically denies that plaintiff has been damaged in any way whatsoever.

35. In answering paragraph 36, Defendant denies both generally and specifically each and every allegation contained therein and specifically denies that plaintiff has been damaged in any way whatsoever.

36. Defendant admits the allegations of paragraph 37.

37. In answering paragraph 38, Defendant denies both generally and specifically each and every allegation contained therein and specifically denies that plaintiff has been damaged in any way whatsoever.

38. In answering paragraph 39, Defendant admits that the specified statutes prohibit discrimination on the basis of disability and that damages may be awarded when those sections are violated. Defendant admits that Plaintiff seeks damages and injunctive in her complaint, but denies that its facilities are inaccessible. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 39 and specifically denies that plaintiff has been damaged in any way whatsoever.

39. In answering paragraph 40, Defendant admits that Plaintiff seeks damages, but denies that Defendant violated of any of the stated statutes or that its facilities are inaccessible. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 40 and specifically denies that plaintiff has been damaged in any way whatsoever.

40. In answering paragraph 41, Defendant admits that Plaintiff seeks fees and costs, but denies that its facilities are inaccessible, and denies that "public interest" attorneys fees are justified. Defendant denies both generally and specifically each and every remaining

allegation contained in paragraph 41 and specifically denies that plaintiff has been damaged in any way whatsoever.

## COUNT FOUR

41. Defendant realleges and reincorporates by reference its responses to paragraphs 1 through 41 as though more fully set forth herein.

42. In answering paragraph 43, Defendant admits that California Civil Code section 54.1 prohibits discrimination against individuals with disabilities in the use of public accommodations, but denies that Defendant violated of any of the stated statutes, and denies that its facilities are inaccessible. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 43 and specifically denies that plaintiff has been damaged in any way whatsoever.

43. In answering sentences 1 and 2 of paragraph 44, Defendant lacks sufficient information and belief upon which to answer the allegations and conclusions contained therein, and on that basis, denies both generally and specifically each and every allegation contained therein. In answering sentences 3 and 4 of paragraph 44, Defendant denies the allegations contained therein. In answering sentence 5 of paragraph 44, Defendant admits that a violation of Government Code section 4450 *et seq* constitutes a violation of Civil Code sections 54 and 54.1, but denies that it violated such provision.

44. In answering paragraph 45, Defendant admits that damages are provided under the specified statutes, but denies that it violated those provisions or that Plaintiff is entitled to such damages. Defendant denies both generally and specifically each and every remaining allegation contained therein and specifically denies that plaintiff has been damaged in any way whatsoever.

45. Defendant denies both generally and specifically each and every allegation contained in paragraph 46 and specifically denies that plaintiff has been damaged in any way whatsoever.

46. In answering sentence 1 of paragraph 47, Defendant admits that Plaintiff seeks injunctive relief, but denies that its facilities are inaccessible. In answering sentences 2 and 3 of paragraph 47, Defendant admits that the specified statutes provide for the stated relief under appropriate circumstances. In answering sentence 4 of paragraph 47, Defendant denies that its facilities are inaccessible or that the stated relief is warranted. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 47 and specifically denies that Plaintiff has been damaged in any way whatsoever.

47. In answering paragraph 48, Defendant admits that Plaintiff seeks damages, but denies that its facilities are inaccessible or that Defendant violated Plaintiff's civil rights. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 48 and specifically denies that Plaintiff has been damaged in any way whatsoever.

48. In answering paragraph 49, Defendant admits that Plaintiff seeks her fees and costs, but denies that Defendant's facilities are inaccessible, and denies that "public interest" attorneys fees are justified. Defendant lacks sufficient information or belief as to whether Plaintiff has incurred fees or costs, and on that basis denies those allegations. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 49 and specifically denies that plaintiff has been damaged in any way whatsoever.

## COUNT FIVE

49. Defendant realleges and reincorporates by reference their responses to paragraphs 1 through 49 as though more fully set forth herein.

50. Defendant admits the allegations contained in paragraph 51.

51. In answering paragraph 52, Defendant admits the Government Code section 11135 is as stated, but denies that Defendant violated that section, and denies that it failed to make its programs, services or activities accessible to disabled individuals.

*Wilkins-Jones v. County of Alameda, Case No. C08-01485 BZ*
*Answer of Defendant County of Alameda*            8

52. In answering paragraph 53, Defendant admits that Plaintiff seeks damages and injunctive relief, but denies that its facilities are inaccessible, and denies that "public interest" attorneys fees are justified. Defendant lacks sufficient information or belief as to whether Plaintiff has incurred fees or costs and on that basis denies those allegations. Defendant denies both generally and specifically each and every remaining allegation contained in paragraph 53 and specifically denies that plaintiff has been damaged in any way whatsoever.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, this answering defendant states that plaintiff fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, this answering defendant states that the injuries and damages plaintiff complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering defendant.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, this answering defendant alleges that all actions taken were undertaken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper, thus these defendants are entitled to qualified immunity.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, this answering defendant asserts that to the extent that plaintiff may attempt to allege state law claims, these are barred pursuant to California Government Code §§ 911.2, 911.4, 954.4, 946.4, 950.2, and 950.6. Said sections are pleased as though fully set forth herein.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's complaint is barred by all applicable statutes of limitation.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, this answering defendant alleges that any party or individual who was negligent and/or contributed to and/or caused the alleged injuries and damages was not acting as defendant's agent or agents or within its knowledge or within the course and/or scope of employment with this answering defendant.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, this answering defendant states that any detention of plaintiff was made with probable cause.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between this answering defendant and the acts which allegedly violated plaintiff's rights.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, this answering defendant alleges that defendant's acts were privileged under applicable statutes and case law.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's claims are barred by all applicable Government Code immunities including, but not limited to, §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821.6 and 822.2. Said sections are pleaded as though set forth fully herein.

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, this answering defendant states that to the extend that plaintiff's damages, if any, are shown to have been caused by any other defendant, as well as because of any non-liability on the part of this answering defendant, such liability for non-economic damages is several, and not joint, pursuant to Civil Code 1431.2(a). Any recovery of non-economic damages from defendant must be limited to the actual percentage of fault allocated to defendants. This defense is interposed only in the alternative and does not admit any of the allegations of the complaint.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, this answering defendant is informed and believes and alleges that plaintiff's actions constituted a waiver of any alleged acts or omissions, if any, of this answering defendant.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, this answering defendant states that because the complaint is couched in conclusionary terms, defendant cannot fully anticipate all affirmative defenses which may be applicable and, accordingly, defendant reserves the right to assert any and all such additional affirmative defenses as are applicable in this action without waiver thereof.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, this answering defendant states that that the complaint fails to state a claim for relief against this defendant, pursuant to *Monell v. Dept. of Social Services* (1978) 436 US 658, for there can be no recovery for a federal rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, this answering defendant alleges to the extent any person suffered any detriment, such was unavoidable.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, this answering defendant alleges that only "person[s]" acting under color of law are civilly liable for civil rights violations under 42 U.S.C. section 1983. By virtue of the Eleventh Amendment, a state or state agent is not a "person" who may be sued under section 1983. *Hafer v. Menlo*, 112 S. Ct. 358, 502 U.S. 21 (1991).

AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff has failed to join a party or parties necessary for a just resolution of this matter and has further omitted to state any reasons for such failure.

AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE, this answering defendant alleges any and all damages suffered by plaintiff, if any there were, were caused in whole or in part by the negligence or fault of plaintiff herself. To the extent defendant is found to have any liability, plaintiff's recovery should be diminished or barred by such percentage of plaintiff's own negligence or fault. This defense is interposed only in the alternative, and does not admit any of the allegations of the Complaint.

AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff herself knew, or in the exercise of ordinary care, should have known of the risks, hazards, illnesses and injuries involved in the undertaking in which paintiff was engaged, but nevertheless and with full knowledge of these things did fully and voluntarily consent to assume the risks, hazards, illnesses and injuries involved in the undertaking.

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff failed to exercise ordinary care for her own safety and well-being; and that failure to exercise ordinary care proximately caused and/or contributed to the alleged illness and injury plead in the Complaint, consequently, defendant is entitled to the full protection of the law.

AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, this answering defendant alleges At all times and places mentioned in the Complaint, plaintiff may have failed to make reasonable efforts to mitigate injuries and damages, if any.

AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff's claims are barred by the doctrine of unclean hands.

AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff is equitably estopped from asserting the claims set forth in the complaint.

AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, this answering defendant alleges any acts or omissions of the defendant were superceeded by the act or omissions of others, including plaintiff, and/or other named or unnamed entities that were independent, intervening, and the proximate cause of the damages alleged.

AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, this answering defendant states that plaintiff unreasonably delayed in bringing this action against defendant and that such delay substantially prejudiced this defendant. Therefore this action is barred by the doctrine of *laches.*

AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, this answering defendant states that if plaintiff sustained the damages alleged in the Complaint, which defendant denies, plaintiff's damages were caused in whole or in part by the conduct of third parties for whom defendant is not responsible, by forces over which defendant has no control or through acts or omissions on the part of plaintiff, and therefore, an act or omission on the part of defendant was not the proximate cause and/or legal cause of the plaintiff's alleged damages.

AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, this answering defendant alleges that defendant did not deprive plaintiff of any right or privilege guaranteed by the constitution or laws of the United States.

AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff's complaint does not present a case or controversy.

AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, this answering defendant alleges that the complaint is barred in that the relief sought would place an undue financial and administrative burden on this answering defendant.

AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, this answering defendant alleges that the complaint is barred in that the relief sought would require unreasonable modifications to programs and services.

AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, this answering defendant alleges plaintiff failed to exhaust her administrative and other state remedies.

AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, this answering defendant states that to the extent the complaint alleges entitlement to services or programs that are not being provided, plaintiff has failed to demonstrate her eligibility or entitlement to such program or service.

AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, this answering defendant states that the complaint is barred because defendant is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, this answering defendant states that the complaint is barred in that the relief sought would inappropriately mandate the manner in which defendant allocates public funds in relation to existing programs and services.

AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE, this answering defendant states that the complaint is barred because at the relevant times, plaintiff failed to request either reasonable accommodation or auxiliary aids as required by law.

WHEREFORE, defendant prays for judgment as follows:

1. That judgment be rendered in favor of defendant and against plaintiff;

2. That plaintiff take nothing by the allegations of her complaint therein;

3. That defendant be awarded its costs of suit incurred herein; and

4. For all such other and further relief as this Court deems just and proper.

DATED: 4/15/2008

RICHARD E. WINNIE
County Counsel in and for the County of
Alameda, State of California

By _____
DIANE C. GRAYDON
Deputy County Counsel
Attorneys for Defendant Alameda County