1  PAUL L. REIN, Esq. (SBN 43053)
   JULIE OSTIL, Esq. (SBN 215202)
2  ANN WINTERMAN, Esq. (SBN 222257)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  (510) 832-5001

5  Attorneys for Plaintiff:
   SHAWNA WILKINS-JONES

6

7  RICHARD E WINNIE (SBN 68048)
   County Counsel
8  DIANE C. GRAYDON (SBN 164095)
   Deputy County Counsel
9  OFFICE OF THE COUNTY COUNSEL
10 1221 Oak Street, suite 450
   Oakland, CA 94612
11 (510) 272-6700

12 Attorney for Defendant:
   COUNTY OF ALAMEDA
13

14           UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
15

16 SHAWNA WILKINS-JONES,          CASE NO. C 08-01485 MHP

17      Plaintiff,                Civil Rights

18 v.
                                  **JOINT CASE MANAGEMENT CONFERENCE
19 COUNTY OF ALAMEDA, and         STATEMENT**
   DOES 1-10, Inclusive,
20                                Date: August 11, 2008
                                  Time: 4:00 p.m.
21      Defendants.               Place: U.S. District Court
                                         450 Golden Gate Ave.
22                                       15th Floor, Courtroom G
                                         San Francisco, CA 94102
23                                Judge:

24

25          Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this

26 Case Management Statement. Each party certifies that its counsel has met and conferred for

27 the preparation of this Statement as required by Civ. L.R. 16-3.

28

**Joint Case Management Conference Statement:**                                              1
**Case No. C 08-01485 MHP**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

**I.        DESCRIPTION OF THE CASE:**

**1.        A brief description of events underlying the action.**  The following are the positions of the parties:

**a.        Plaintiff's Position:**

This case involves the denial of accessible policies and facilities to disabled persons detained at the Alameda County Jail at Santa Rita, a facility owned and operated by County of Alameda.

Plaintiff Shawna Wilkins-Jones is a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including but not limited to § 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990.  Plaintiff Wilkins-Jones is mobility impaired as a result of systemic lupus and rheumatoid arthritis, which affect major life activities including standing and walking.  She requires the use of mobility assistive devices, such as a cane or wheelchair, and regular medication.  Plaintiff cannot walk long distances and has difficulty climbing or descending stairs.  In addition to her mobility impairment, she has very limited use of her hands, which are disfigured from arthritis and have required corrective surgery to maintain minimal movement in her fingers and joints.  Even when she uses a mobility device, plaintiff Wilkins-Jones suffers from immediacy in urination, extreme fatigue, and joint pain, stiffness and swelling.  If she is denied her medication for even one day, she may suffer extreme swelling in her feet and legs that can lead to painful and slow-healing ulcerous wounds and bruising.  If she is denied accessible facilities, she may suffer pain or dislocation of her joints, and for many years has required use of medication to control the debilitating effects of her disabilities.

Defendant Alameda County has denied plaintiff Shawna Wilkins-Jones her rights to full and equal access under federal disability law, and under state law, by failing to provide disabled access to its public facilities and services at Santa Rita Jail, including, but not limited to: accessible and safe paths of travel to, through, and within defendant's facilities; accessible

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**                                                                                         2
**Case No. C 08-01485 MHP**

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

busses and vans to and from the jail to the courthouse; and properly configured holding cells and housing units, including accessible seating, restroom facilities, showers and beds, thus failing to comply with federal law requiring that public facilities be "accessible to and useable by" persons with disabilities who are detained in these facilities.  In addition, Alameda County's policies are and were in violation of California law to the extent that they resulted in defendant's failure to provide, within a reasonable time, the medication required to control the debilitating effects of plaintiff Wilkins-Jones' medical conditions and disabilities, and defendant's failure to provide any mobility assistive devices to plaintiff, despite her repeated requests.

After being arrested on a four-year-old misdemeanor warrant for charges that were later dismissed, plaintiff Wilkins-Jones was placed in a holding cell at Santa Rita Jail on April 13, 2007, and was forced to remain there for three days (Friday, April 13th to Sunday, April 15th) without provision to her of a wheelchair.  While held in the cell, plaintiff Wilkins-Jones had substantial difficulty sitting or standing because the only seating in the room was inaccessible to persons with disabilities.   She also had difficulty using the toilet in the holding cell, which was not accessible to people with disabilities because it was too low and lacked grab-bars and other accessibility features.  As a result she was unable to use the toilet as needed over the next three days, causing her bodily functions distress, pain and injuries.  On April 13th and 14th, plaintiff was forced to spend the night the concrete and steel holding cell and the guards provided her no bed or bedding.  For rest, she was forced to lie down on the cement floor, which she achieved only with the assistance of other women being held in the cell, and which caused her pain and distress.  Lying on the cold, hard floor caused her legs and feet to swell badly, and caused her skin to break open in several places, forming large sores and bruising.  After spending two nights in this way, plaintiff was transferred to one of the jail's housing units, but she was again forced to spend significant time in a holding cell on April 16th, 17th and 18th, causing her to suffer again from the lack of accessible seating and toilet facilities.

On the morning of April 13, 2007, plaintiff notified the intake nurse, an employee of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**     3
**Case No. C 08-01485 MHP**

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

defendant Alameda County that she had not taken her daily medication and needed it to combat the pain and swelling associated with her disability, but the nurse did not give her any medication. Plaintiff met with another nurse, also an employee of Alameda County, at approximately 8:00 p.m. on April 13th, and again requested anti-inflammatory medication, but the nurse told her that she would not receive the medication she needed until Monday morning, April 16, 2007. Plaintiff informed the nurse that waiting for medication would be extremely detrimental to her health and would cause her to suffer pain and swelling. Nevertheless, it was not until April 16th, three days after her initial request, that plaintiff received the medication she had previously told the nurses she needed.

On April 13, 2007, her first night in the holding cell, plaintiff requested the use of a wheelchair. She told the guards that she was a person with a disability and had difficulty walking, but the guards refused to provide her with or allow her to use a wheelchair, even though plaintiff could see an unused wheelchair in the hallway. Plaintiff again attempted to secure the assistive use of a wheelchair on April 15th when, on her way to the housing unit, she sat down in a wheelchair that was in her path. She thought the wheelchair had been provided for her use, but a guard ordered her to get out of the wheelchair. During her five-day stay at Santa Rita, plaintiff was forced to walk long distances throughout the jail without the use of a wheelchair, cane, or other mobility device, causing her pain and distress, all to her damages.

On April 15, 2007, plaintiff was assigned to a "housing unit" that was equipped with a bed, toilet and shower. The toilet and shower were inaccessible in multiple respects; plaintiff was able to use the facilities only with difficulty. The staff gave plaintiff two thin mattresses instead of the usual one and extra bedding but made no other attempt to accommodate her.

On April 16, 2007, plaintiff was transported in an inaccessible bus to and from the Wiley W. Manuel Courthouse in downtown Oakland, approximately thirty miles from Santa Rita Jail. It was difficult for plaintiff to get into and out of the bus, because it was not accessible for mobility impaired persons such as plaintiff, due to the very steep steps at the entry door at the front of the bus and lack of proper handrails or a lift to assist persons who had

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**     4
**Case No. C 08-01485 MHP**

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

trouble climbing stairs. On April 17, 2007, plaintiff was again transported to and from the courthouse, this time in another inaccessible van. This van had handrails at the entry door steps, but the steps were very steep, making it difficult for plaintiff to climb into and out of the van.

On April 16 and 17, 2007, plaintiff was forced to spend two full days in an inaccessible holding cell at the courthouse behind what she believes to have been Department 101 at the Wiley W. Manuel Courthouse. Like the holding cell at Santa Rita Jail, the holding cell at the Courthouse was a bare cement room with an inaccessible toilet and bench. The toilet was too low for her to use and lacked grab-bars, and she was not able to sit down on the bench because it was too low and too narrow to accommodate plaintiff's physical disabilities.

On April 17, 2007, plaintiff returned to the jail after spending the entire day in an inaccessible cell at the Wiley Manuel Courthouse, and was placed in an inaccessible holding cell at Santa Rita Jail. A guard called her name to go back to the housing unit, but plaintiff did not respond. She was too exhausted to make the long walk back to the holding cell without accommodation of a wheelchair or other mobility assistive device, which she had requested, but which had been denied to her. When the guard noticed that plaintiff did not respond, the guard threatened that she would be the "last" to be released. The guard interfered with plaintiff's attempts to find a way home with one of her former cellmates and denied her any opportunity to call her family to pick her up from jail. Consistent with the guard's threat, plaintiff was the last person to be released from the cell, at four in the morning on Wednesday, April 18th. As a result plaintiff was required to wait in discomfort for another night, until she was released in the early morning. In order to get home, plaintiff had to walk approximately 500 yards without assistance. She then waited at the shuttle stop until approximately 6:45 when the shuttle began its rounds to the Bay Area Rapid Transit station (BART), which took approximately fifteen minutes. Plaintiff was then forced to take the BART to Oakland, approximately an hour long journey. Unable to notify her family that she had not in fact been released from Santa Rita, plaintiff's mother and daughter drove out to Santa Rita twice in order

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

5

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

to try to pick up plaintiff from the jail in her car. However, these two night-time trips were useless because plaintiff had not yet been released. These acts constitute retaliation for plaintiff's attempts to secure accommodation for her disability.

As a result of the County's failure to carry out its legal obligations under federal and state civil rights laws, plaintiff Wilkins-Jones was discriminated against on the basis of her disability and suffered physical, mental and emotional distress and injuries, and medical expenses, all to her damages, including circulatory problems that led to major pain and swelling in her joints, swelling in her legs that became so bad that her skin broke into deep cysts that would not heal, back pain and injury, dehydration, headaches, nausea, and injury to her excretory system. The discrimination by defendants was intentional because the jail and its employees and representatives knew and failed to properly act on the knowledge that Ms. Jones was a person with a disability who required assistive devices, accessible facilities, and preventive mediation.

Plaintiff Wilkins-Jones seeks injunctive relief to require defendant Alameda County to make its County jail pre-trial facilities accessible to disabled persons and to modify its policies – specifically to ensure that disabled persons held as detainees at Santa Rita receive the assistive devices and medication they need within a reasonable time period. Finally, plaintiff Wilkins-Jones seeks recovery of damages for the discriminatory experience that she suffered, and recovery of reasonable attorney fees, including litigation expenses and costs, according to statute. Wilkins-Jones also seeks recovery of damages for the discriminatory experience that she suffered. Damages are for violation of civil rights to a physically disabled person; denial of full and equal access to public facilities; and personal injuries, including physical, mental and emotional injuries; and statutory damages and statutory attorney fees, litigation expenses and costs, all in an amount within the unlimited jurisdiction of the California Superior Court. The County of Alameda is also responsible for treble damages pursuant to Civil Code § 54.3 for violations of §§ 54 and 54.1, respectively, and for damages due to intentional discrimination under ADA Title II, in that the violations of the rights of a disabled person were done

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**  6
**Case No. C 08-01485 MHP**

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

knowingly and in conscious disregard for the rights of plaintiff and of other disabled persons.

### b. **Defendant's Position**

Defendants dispute the allegations and deny liability. Based on Defendants' initial available information, the following facts are provided for clarification of the above.

On April 13, 2007, at 9:35 am, Plaintiff was stopped for speeding. A license check indicated that not only was she driving on a suspended license in violation of Vehicle Code § 14602.1(a), but she also had an outstanding warrant in Santa Clara County. Based on these violations, she was arrested and driven by an Alameda County Sheriff's Deputy to Santa Rita Jail. As Plaintiff was driving at the time of the arrest, she was not operating a wheelchair. She had no medications or a walking cane in her possession.

Plaintiff arrived at Santa Rita Jail at approximately 11:00 am and was taken to the Booking/Intake, Transfer and Release ("ITR") section for processing. As part of the initial processing, an ITR Deputy completed an initial ITR screening form, which allows the inmate to inform jail and nursing staff of their medical conditions. Plaintiff informed the ITR Deputy that she was taking Prednisone, Imuran and Plaquenil. She also informed the ITR Deputy that she has Lupus and had a hip and knee replacement. No mention was made of the need for wheelchairs or canes. As standard procedure, the existence of any medical conditions prompted a referral to further assessment by a Prison Health Services nurse after booking had been completed. Plaintiff was officially booked at 3:17 pm.

Prison Health Services' nurses' inmate questionnaire, which is signed by the inmate, noted similar information, to wit, Plaintiff was taking Prednisone, Imuran, Plaquenil, and Darvocet, with the last doses taken on April 12, 2007. Plaintiff also informed the nurse that she had systemic lupus and that both hands were deformed. No response is indicated to the question which asks whether the inmate's mobility is restricted in any way. The form was completed and signed at 6:35 pm. Plaintiff's signature thereon affirms that she had "answered all questions truthfully" and had been told and shown in writing how to obtain medical services. Again, no

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

7

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

mention was made about a request for a wheelchair or cane.

The responsibility of identifying a disability is placed on the Prison Health Services intake nurse. From there, he or she identifies what accommodations and medications will be required. A Prison Health Services doctor thereafter prescribed the following medications:

- Darvocet (for pain) three times daily, to start on April 13, 2007;
- Plaquenil (for clogged arteries) twice daily, to start on April 14, 2007;
- Imuram (for lupus) twice daily, to start on April 14, 2007; and
- Prednisone (for swelling) once daily, to start on April 13, 2007.

The doctor also prescribed that Plaintiff be housed in a lower tier, sleep on a lower bunk, and be given an extra blanket and extra mattress. Based on the doctor's order, a nurse administered both the Prednisone and the Darvocet to Plaintiff on April 13, 2007.

Plaintiff was moved into the assigned housing unit on April 14, 2007, at 6:41 pm. As prescribed by the Prison Health Services doctor, she was placed in a lower tier, and assigned a lower bunk. Plaintiff was also provided the requisite extra blanket and mattress. Plaintiff's chart notes indicate that nurses thereafter administered medications to her on the 15th, 16th, and 17th of April. Plaintiff was seen by a nurse for chest pain and muscle spasms at 2:20 pm on April 15, 2007. There are no notes or sick call slips about any swelling or ulcerated sores.

Plaintiff left Santa Rita Jail at 5:55 am for a 9:00 am scheduled court arraignment on April 16, 2007 at the Wiley M. Manuel Courthouse. She returned to Santa Rita that evening. She was taken again to Wiley M. Manuel Courthouse the following day at 6:00 am, where she remained until she returned on April 17, 2007 to Santa Rita at 10:49 pm for release. Plaintiff was officially released at 4:00 am on April 18, 2007. At no point did Plaintiff file a grievance with any of the staff.

Defendants assert that Plaintiff was not housed in an ADA cell because she was not identified to have any disabilities that would require one. In the event that such had been identified, reasonable accommodations would have been prescribed by the Prison Health Services nurses and doctors as part of the medical evaluation. Similarly, no other

**Joint Case Management Conference Statement:** 8
**Case No. C 08-01485 MHP**

accommodations, such as wheelchairs or ambu-vans, all of which are in the possession of Santa Rita Jail for use as needed, were prescribed to Plaintiff.

Defendants have been unable to confirm any of Plaintiff's other contentions stated above. Contrary to Plaintiff's statements, Santa Rita Jail is ADA compliant and is capable of accommodating Plaintiff's disabilities, had it been aware of the extent. Unless they are "prescribed" by the intake nurse, the inmate will not be provided them. As such, this Defendant does not believe that liability rests on the County of Alameda.

**2.      The principal factual issues that the parties dispute:**

       **a.      Plaintiff's Factual Issues:**

          1) Did defendant carry out new construction or "alterations, structural repairs, and additions" at the subject premises after 1968, mandating full compliance with Gov. Code § 4450ff and related California Building Codes including, ANSI, Title 24-2 regulations and federal ADAAG standards?

          2) Were the subject facilities, programs and activities at Santa Rita Jail, inaccessible to plaintiff and other disabled persons in April 13-16 2007, when plaintiff visited the premises?

          3) Did defendant prepare an "ADA Transition Plan" for the removal of barriers and the modification of policies and practices to ensure that all of their programs, services and activities were accessible on a "full and equal" basis to disabled persons?

          4) Did defendant remove architectural barriers identified and modify policies and programs to provide access as set forth in their "ADA Transition Plan?"

          5) What access improvements/modifications has defendant already made in response to plaintiff's lawsuit?

          6) What damages did plaintiff incur as the result of lack of access at Santa Rita Jail, under both state law standards (Civil Code §54.3), under Section

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**                                                                9

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

504 of the Rehabilitation Act of 1973, and pursuant to Title II of the ADA, from the date of her visit due to the lack of accessible facilities?

7) Did the County of Alameda retaliate against the disabled plaintiff by releasing her last and in the middle of the night and preventing her from making travel arrangements, in response to her request that she be allowed to stay in the holding cell pending her release?

**b.    Defendant's Factual Issues:**

1) Who, if anyone, did Plaintiff inform of her need for a wheelchair?

2) At what points in time did Plaintiff alert Santa Rita Jail officers of her needs for accommodations?

3) At what points in time did Plaintiff alert Santa Rita Jail officers of her needs for medications?

4) At what points in time did Plaintiff alert Prison Health Services staff of her needs for accommodations?

5) At what points in time did Plaintiff alert Prison Health Services staff of her needs for medications?

6) Did Plaintiff file any grievance while she was held at Santa Rita Jail?

7) Were Plaintiffs' injuries apparent during the period of incarceration?

8) Was Plaintiff identified as requiring accommodation in the transportation between Santa Rita Jail and Wiley M. Manuel Courthouse?

**3.    The principal legal issues that the parties dispute:**

**a.    Plaintiff's Legal Issues:**

1)    What access changes and reasonable modifications in policy are required under the Americans with Disabilities Act of 1990 and the corresponding regulations entitled Americans with Disabilities Act Access Guidelines (ADAAG)?

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

10

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

2) What access changes and monetary damages are required for violations of Civil Code §54.1?

3) What damages are also required under California law for access violations under ADA standards, as incorporated by reference into California Civil Code §§ 54(c) and 54.1(d)?

4) Do Building Departments enforce the ADA, or is it enforced only by the U.S. Department of Justice and private lawsuits?

5) What barrier removal and monetary damages are required for violations of Sections 54.3 of the Civil Code and Section 504 of the Rehabilitation Act of 1973?

6) Are treble damages appropriate because of defendant's intentional violation of rights of disabled persons?

**b.** **Defendant's Legal Issues:**

1) Is an ADA compliant facility liable for a third parties' failure to identify all accommodations reasonably required to an individual while she uses that facility?

2) Can County of Alameda be charged with intentional discrimination for failure to make reasonable accommodations which it was not informed were requested or required?

3) Is the County of Alameda entitled to indemnification and/or contribution by the third party who failed to identify Plaintiff's disabilities?

4) Did Plaintiff adequately mitigate her damages?

5) Is further ADA building modification an unreasonable burden or cost to the County of Alameda?

6) Did Plaintiff exhaust her administrative grievance process?

7) Do Defendants have a duty to keep Plaintiff's relatives informed of her release time so as to ensure coordination of her pick-up upon release?

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**  11
**Case No. C 08-01485 MHP**

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

    **4.    The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** None known at this time.

    **5.    The parties that have not been served and the reasons:** None.

    **6.    The additional parties which the below-specified parties intend to join and the intended time from for such joinder:**

Unknown at this time.

**II.    <u>ALTERNATIVE DISPUTE RESOLUTION</u>:**

    **7.    The following parties consent to assignment of this case to a United States Magistrate Judge for trial:** Defendant has filed a Declination to United States Magistrate.

    **8.    The parties have already been assigned to the following court ADR process:** None.

    **9.    The ADR process to which the parties jointly request referral: <u>Joint Position</u>:** the parties have requested a joint telephonic ADR conference.

**III.    <u>DISCLOSURES</u>:**

    **10.    The parties certify the following disclosures:** The parties will serve their initial disclosures by August 15, 2008.

**IV.    <u>DISCOVERY</u>:**

    **11.    The parties agree to the following discovery plan:**

The parties will seek formal discovery as limited by the Federal Rules of Civil Procedures and Local Rules.

Plaintiff would seek discovery concerning the construction and alteration history of the facilities, and the county's ADA transition plan with regard to each of the subject facilities. Plaintiff would also seek to depose county administrators and jail administrators who set procedures regarding accommodation of disabled persons detained by the county, and each of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

12

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

the county's employees who had contact with Plaintiff during her incarceration.

Defendants will propound discovery on all issues relating to plaintiff's claims and damages. Defendants will depose the Plaintiff, her family members who allegedly were unsuccessful in picking Plaintiff up from Santa Rita Jail, and Plaintiffs' cellmates during her period of incarceration. Defendants will subpoena Plaintiff's medical and employment records as well as any records pertaining to workers compensation claims.

If the court selects the suggested trial date of October 2009, the parties suggest the following limitations and deadlines.

**Limitations:**

i) <u>Depositions</u>: As per Federal Rules of Civil Procedure.

ii) <u>Interrogatories</u>: The parties agree to proceed as per the Federal Rules of Civil Procedure.

iii) <u>Experts</u>. The parties do not agree to any limitations on discovery from experts.

iv) <u>Supplemental disclosures</u>: Per F.R.C.P. Rule 26(a) and (e).

v) <u>Initial Disclosures From Any Newly Added Parties</u>: within 45 days of the new party's initial appearance.

**Deadlines:** If a trial date is set for October 2009:

Deadline to disclose experts and expert reports .................May 30, 2009

Deadline to complete discovery including experts..............................................................................June 30, 2009

Deadline to complete dispositive motions ....................August 30, 2009

Deadline to disclosure of identities of all witnesses to be called in each party's case-in-chief ....................................................................... September 30, 2009

**12.    The parties request a trial date as follows:** October 2009.

**13.    The parties expect that the trial will last for the following number of days:** Estimate without the benefit of discovery and identification of issues through pre-trial statement: 5-7 trial days.

---

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

13

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc

**V.     IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL:**

      **a.     For Plaintiff SHAWNA WILKINS-JONES:**

PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001
Fax: (510) 832-4787

**b.  For Defendant ALAMEDA COUNTY**
DIANE C. GRAYDON
Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL OF ALAMEDA
1221 Oak Street, Suite 450
Oakland, CA 94612
(510) 272-6700
Fax: (510) 272-5020

Dated: July 28, 2008                        PAUL L. REIN
                                            JULIE OSTIL
                                            ANN WINTERMAN
                                            LAW OFFICES OF PAUL L. REIN


                                            /s/ Julie Ostil, Esq.
                                            Attorneys for Plaintiff
                                            SHAWNA WILKINS-JONES


Dated: July 28, 2008                        DIANE C. GRAYDON
                                            OFFICE OF THE COUNTY COUNSEL OF
                                            ALAMEDA


                                            */s/ Jonna Thomas Esq.*
                                            *for Diane Graydon*
                                            Attorney for Defendants
                                            COUNTY OF ALAMEDA

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Joint Case Management Conference Statement:**
**Case No. C 08-01485 MHP**

14

s:\jo\cases\a\alameda county (santa rita)\pleadings\final joint cmc statement.doc