UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA WILKINS-JONES, | No. C 08-1485 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| COUNTY OF ALAMEDA, | **Re: Defendant's Motion to Dismiss/Motion for Judgment on the Pleadings** |
| Defendant. | |

Shawna Wilkins-Jones ("plaintiff") filed this action against the County of Alameda ("defendant") contending that the County's detention facilities violate the Americans with Disabilities Act ("ADA") and other disability laws. Plaintiff seeks both injunctive and monetary relief. Defendant moves this court to dismiss plaintiff's request for injunctive relief due to plaintiff's failure to meet constitutional standing requirements. The court finds this motion suitable for decision without oral argument. Civil L.R. 7-1(b). Having considered the parties' submissions, the court enters the following memorandum and order.

BACKGROUND

The following facts and allegations are taken from plaintiff's complaint. On a motion to dismiss for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Plaintiff suffers from systemic lupus and rheumatoid arthritis, and falls within the purview of the ADA as a disabled person. Plaintiff alleges that she encountered violations of the ADA and other disability laws when she was incarcerated at the Santa Rita jail, a facility operated by defendant.

On April 13, 2007, plaintiff was stopped for speeding. The police determined that plaintiff had an outstanding warrant for her arrest and consequently arrested her. The four-year old warrant was for a prior misdemeanor failure to appear. Plaintiff was detained at the Santa Rita jail. This facility, plaintiff claims, is not compliant with the ADA. According to plaintiff, this non-compliance harmed her by forcing her to, *inter alia*, stand for hours, sleep on a cement floor, hold her bodily functions and walk long distances. Plaintiff further claims that other facilities operated by defendant and defendant's transportation equipment also violate disability laws. Subsequent to her five-day detention, plaintiff developed long-term circulation problems and related injuries.

DISCUSSION

Defendant claims that plaintiff lacks standing to seek injunctive relief based on her detention because plaintiff cannot demonstrate a likelihood of repetition. There is no dispute amongst the parties that plaintiff has standing to seek monetary damages due to the harm she allegedly suffered during her incarceration at Santa Rita jail. The only issue is whether plaintiff has standing to seek injunctive relief..

A party seeking injunctive relief must plead that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotations omitted) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

2

In *Lyons*, the Supreme Court found: "That Lyons may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." 461 U.S. at 105. Similarly, plaintiff here cannot establish a real and immediate threat that she will again be stopped by the police, arrested and held at a non-ADA compliant facility operated by defendant.

Plaintiff cannot rely on a legal arrest, i.e., one based on probable cause stemming from plaintiff's illegal conduct, to demonstrate a real and immediate threat. In the Ninth Circuit, "standing is inappropriate where the future injury could be inflicted only in the event of future illegal conduct by the plaintiff." *Armstrong v. Davis*, 275 F.3d 849, 865 (9th Cir. 2001) (citing *Lyons*, 461 U.S. at 108). *See also Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1041 (9th Cir.1999) (en banc) (no standing where injury "contingent upon respondents' violating the law, getting caught, and being convicted."). Thus, plaintiff's illegal conduct, which could create probable cause for a legal arrest, does not create standing. Plaintiff must therefore demonstrate a real and immediate threat of an *illegal arrest* that leads to detention in non-ADA compliant facilities. Plaintiff's complaint does not do so. Indeed, plaintiff does not even contend that her April 2007 arrest was without probable cause.

Plaintiff repeatedly argues that she need not engage in illegal conduct to be arrested. Her own complaint undercuts this argument. Plaintiff was pulled over for speeding, an illegal act. Plaintiff was then arrested for a misdemeanor failure to appear, an illegal act. Indeed, a warrant had been outstanding for plaintiff's arrest for four years. Simply because plaintiff was not later charged does not absolve her of her wrongdoings. Plaintiff's "point"—that anyone can be pulled over and potentially arrested—misses the mark. All of the acts she complains of—speeding, broken headlamp and missing license plate tabs—are illegal and provide probable cause for a traffic stop. While these infractions do not necessarily lead to a trip to jail, where there is an outstanding arrest

3

warrant there is probable cause to arrest and detain. Plaintiff is correct that it is technically possible "that an individual can be stopped and arrested without doing anything illegal"; Docket No. 84 (Opposition) at 16, however, plaintiff does not allege facts stating that *she* is likely to be stopped and arrested without probable cause and thereafter detained in non-ADA compliant facilities. Similarly, cases where others, and not plaintiff, have been arrested either legally or illegally do not demonstrate that plaintiff is likely to be arrested in the future.

Plaintiff's attempts to distinguish *Lyons* are unavailing. The *Lyons* court specifically declined to base its decision on the "odds" of plaintiff being "stopped for a traffic violation" and "subjected to a chokehold without any provocation whatsoever . . . ." 461 U.S. at 108. Similarly, plaintiff's argument here boils down to her assertion that if she were ever arrested again, she would be subjected to non-ADA compliant facilities. The speculative nature of any future arrest, particularly an illegal arrest, is insufficient to warrant standing for injunctive relief. Nor does plaintiff's disability or socioeconomic status demonstrate the requisite likelihood. Plaintiff's inability to pay registration fees does not absolve her of the restrictions placed upon vehicle drivers. Even if plaintiff is able to substantiate her dubious proposition that her disability or socioeconomic status make her more likely to be stopped by the police or arrested, these factors do not demonstrate that she is likely to be *illegally* arrested. Indeed, in *Lyons*, the Supreme Court noted that five months without incident further strengthened its holding. *Id.* Similarly, even though plaintiff was recently arrested, she is unable to allege detention in non-ADA compliant facilities since her five-day detention in April 2007. Consequently, plaintiff does not have standing to seek injunctive relief. Since this is a constitutional limitation, plaintiff cannot seek injunctive relief under any of her causes of action.

Plaintiff is correct that the ADA was enacted to end historical discrimination. Congress specifically granted individual plaintiffs a right to injunctive relief. 42 U.S.C. § 12133. This congressional intent to remedy past wrongs, however, does not require that constitutional requirements regarding future injury be ignored. Plaintiff provides no support for her argument that

4

Congress has the authority to override, and actually has overridden, constitutional requirements for litigants seeking injunctive relief.

Plaintiff is also correct that limiting "relief to instances in which a future violation *appears certain to occur* would create a standard far more demanding than that contemplated by the congressional objectives that influenced the ADA." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003) (emphasis added). Binding precedent does not require certainty; however, it does require demonstration of a likelihood. The *Dudley* court allowed plaintiff's private right of action against a privately-owned convenience store, acknowledging that "while there is no absolute certainty that Dudley would be denied the right to purchase alcoholic beverages during a future visit to the Gardiner Shop 'n Save, the likelihood of a denial seems substantial." *Id.* at 306. In contrast, plaintiff here cannot show a likelihood of being subjected to similar treatment in the future. Unlike the plaintiff in *Dudley*, plaintiff here cannot demonstrate that her own future legal acts create a likelihood that she will be subject to non-ADA compliant facilities subsequent to an illegal arrest. For this reason, plaintiff's reliance on cases against private parties is inapposite. *See, e.g.*, *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d. 1065, 1080 (D. Haw. 2000).

Plaintiff's assertion that this motion must be denied because otherwise nobody will have standing to seek injunctive relief is incorrect. Any plaintiff that is able to allege a real and immediate threat would have standing to seek injunctive relief. For example, a pretrial detainee awaiting trial on a serious felony which may be pending for a lengthy period, a sentenced prisoner with a lengthy jail sentence and a disabled employee at Santa Rita jail would all have standing to seek injunctive relief. The court is aware that most prisoners, even if receiving the maximum sentence to be served in a jail facility, would generally face a sentence of only one year. Nonetheless, with multiple misdemeanor counts the sentence may well extend past that time. Any argument that the duration of confinement in a holding cell is so short that it is capable of repetition yet avoiding review is dispelled by the discussion above, which finds a lack of repetition.

Plaintiff is also incorrect that this motion is premature. Constitutional requirements must be adequately pled by plaintiff in order to survive a motion to dismiss. All factual allegations in the

5

complaint are taken as true; consequently, there exists no need for discovery in order to adjudicate a motion to dismiss. Indeed, plaintiff would not be better served if the court were to consider the instant motion to be a motion for summary judgment, as it could then no longer consider plaintiff's allegations to be true. Moreover, plaintiff has not demonstrated that further discovery could reveal a greater likelihood of illegal arrest and detention. Although plaintiff has submitted declarations in support of her opposition, the declarations do not demonstrate that plaintiff herself, not some amorphous group of disabled people or one of her attorneys, has a likelihood of illegal arrest and detention at a non-ADA compliant detention facility operated by defendant.

In sum, plaintiff's claim for injunctive relief is dismissed. For the foregoing reasons, plaintiff's request for attorneys' fees under California Code of Civil Procedure section 1021.5 is also dismissed because she can no longer demonstrate that "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons" as a result of this action. Cal. Code Civ. Proc. § 1021.5. Plaintiff may, however, be entitled to attorneys' fees under other applicable state and federal statutes.

The court recognizes that plaintiff would have standing if she alleged "that the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy." *Armstrong*, 275 F.3d at 861. Plaintiff has made no allegation that defendant has such a written policy. The conclusory allegations contained in the complaint, with no supporting facts, need not be accepted by the court as true. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1951 (2009). *See* Docket No. 1 (Complaint) ¶ 3 (alleging "discriminatory policies"). Plaintiff's claim that defendant somehow admitted this issue in its moving papers is without merit. Secondly, plaintiff may demonstrate a likelihood of recurrence if she alleges that "defendants have repeatedly engaged in the injurious acts in the past . . . ." *Armstrong*, 275 F.3d at 861 (internal citations omitted). Since this is not a class action, plaintiff needs to allege that defendant has repeatedly housed *her* in non-ADA complaint facilities. Other than the April 2007 event, however, plaintiff has not alleged any such behavior. Nor are there any allegations that the police have singled her out. Since this case has

been pending for over two years, plaintiff has had ample opportunity to make the requisite allegations if she could. Therefore, leave to amend is not warranted.

CONCLUSION

    Defendant's motion to dismiss plaintiff's request for injunctive relief is GRANTED.

IT IS SO ORDERED.

Dated: May 27, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California