UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA WILKINS-JONES,<br><br>       Plaintiff,<br><br>      v.<br><br>COUNTY OF ALAMEDA,<br><br>       Defendant.<br>_____/ | No. C-08-1485 EMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 185)** |

## I.    INTRODUCTION

Plaintiff Shawna Wilkins-Jones applies for leave to file a motion for reconsideration of the Court's May 28, 2010 Order granting Defendant's motion to dismiss her request for injunctive relief. The Court had found, in relevant part, that Ms. Wilkins-Jones lacked standing because she could not "establish a real and immediate threat" of future injury. Docket No. 93.

Ms. Wilkins-Jones filed her first motion for reconsideration with the Court on June 7, 2010, arguing that the Court had failed to consider dispositive legal arguments Plaintiff had presented. Docket No. 95; L. R. 7-9(b)(3). Specifically, Plaintiff argued that even if she lacked standing to request injunctive relief for her federal causes of action, she still had standing under state law to request injunctive relief for those causes of action. *Id.* at 2. The Court denied the motion for reconsideration. Docket No. 105. Plaintiff now seeks leave of the Court to file an additional motion for reconsideration. Docket No. 185.

Local Rule 7-9(a) requires a party to seek leave of Court before filing a motion for reconsideration. In a motion for leave, the moving party must demonstrate that (1) a material

difference in fact and law exists from that which was presented to the Court; (2) new law or material facts have emerged; or (3) the Court manifestly failed to consider material facts or dispositive legal arguments.  L. R. 7-9(b).  The Rules prohibit a party from repeating arguments already presented to the Court.  L. R. 7-9(c).

In this case, Plaintiff's motion merely restates the same basis for reconsideration that she raised in her previous motion, which the Court denied.  Though the Court did not respond to Plaintiff's standing arguments in its denial of the motion for reconsideration, it did address them in its original order granting the motion dismiss.  The Court found that constitutional standing requirements applied to all of Plaintiff's causes of action, and that therefore "plaintiff cannot seek injunctive relief under *any* of her causes of action."  Docket No. 93 at 4 (emphasis added); *see also id.* at 6 (dismissing plaintiff's request for attorney's fees under state law because it is predicated on her ability to obtain injunctive relief).

This Court sees no need to reconsider Judge Patel's ruling.  The Court notes that the Supreme Court has mandated that "a plaintiff must demonstrate standing separately for each form of relief sought."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185 (2000).  Moreover, her ruling appears consistent with case law holding that federal standing requirement governs in federal court even as to state claims that would otherwise confer standing under more lenient criteria in state court.  *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) ("[A] plaintiff whose cause of action . . . is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury to establish Article III standing.") (quotation omitted); *Dietz v. Comcast Corp.*, No. C 06-06352, 2006 U.S. Dist. LEXIS 94333, at *10-12 (N.D. Cal. Dec. 21, 2006).  Therefore, Rule 7-9 provides no basis to grant her motion.

///

///

///

///

///

## II. CONCLUSION

Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**. This order disposes of Docket No. 185.

IT IS SO ORDERED.

Dated: July 21, 2011

EDWARD M. CHEN
United States District Judge